Michael John **PECK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–87–182–CR.

Court of Appeals of Texas,
Austin.

June 29, 1988.

Discretionary Review Refused
Oct. 19, 1988.

Randy T. Leavitt, Minton, Burton, Foster & Collins, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Marianne Powers and Kent C. Anschutz, Asst. Dist. Attys., Austin, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

The district court found appellant guilty of driving while intoxicated, third offense, and assessed punishment at imprisonment for three years and a $1,000 fine. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1(b), (e) (Supp. 1988). Imposition of sentence was suspended and appellant was placed on probation.

In his only point of error, appellant contends the district court erred in overruling his motion to quash the "enhancement" portion of the indictment because the two previous convictions alleged pursuant to art. 6701*l*–1(e) became final the same day. The indictment alleges that appellant was finally convicted of driving while intoxicated in cause numbers 215,018 and 235,508 in Travis County Court at Law No. 3 on October 1, 1984. Appellant notes that under the general enhancement statute, Tex.Pen. Code Ann. § 12.42(d) (Supp.1988), and its predecessors, the rule is that two or more convictions which become final on the same day constitute but a single conviction for enhancement purposes. *Mullins v. State*, 409 S.W.2d 869 (Tex.Cr.App.1966). Arguing that art. 6701*l*–1(e) is analogous to the general enhancement statute, appellant urges that the same rule should apply in this cause. Under appellant's theory, the indictment alleges, and the evidence proves, only the misdemeanor of driving while intoxicated, second offense. Art. 6701*l*–1(d).

In *Joles v. State*, 563 S.W.2d 619 (Tex.Cr. App.1978), the Court of Criminal Appeals analogized to the general enhancement statute in holding that remoteness did not bar the use of a previous conviction for driving while intoxicated in a prosecution for the repeat offense under former Tex. Rev.Civ.Stat. art. 6701*l*–2. In *Smola v. State*, 736 S.W.2d 265 (Tex.App.1987, no pet.), this Court stated that the use of a previous conviction for driving while intoxi-

cated to elevate a subsequent offense to a felony is analogous to the use of a previous felony conviction to enhance punishment pursuant to § 12.42, and held that the defendant could collaterally attack his subsequent felony conviction on the ground that the previous conviction was based on a fundamentally defective charging instrument. However, the fact that art. 6701*l*–1(e) and § 12.42(d) may be analogous for certain purposes does not mean that two statutes are identical, or that they are analogous for all purposes.

Article 12.42(d) authorizes an enhanced punishment in a felony case in which it is shown that the defendant has two previous felony convictions, "and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." The quoted phrase codifies the judicial construction that had been given the enhancement provisions of the former penal code. *See* 1 Branch's Ann.Pen.Code § 698 (2d ed. 1956). Obviously, if a person is finally convicted on the same day for two different felonies, the second offense could not have been committed after the first conviction became final, and these two felonies could not be employed for enhancement purposes under § 12.42(d).

Article 6701*l*–1(e) has no similar requirement that the two previous convictions be sequential. The statute merely states that the defendant shall be subject to the specified range of punishment if he "has previously been convicted two or more times of an offense under this article." The legislature's failure to employ in art. 6701*l*–1(e) the language it used in § 12.42(d) is, at the least, suggestive that it did not intend that the second previous conviction for driving while intoxicated necessarily be for an offense committed after the previous conviction became final. This Court declines appellant's invitation that it read into art. 6701*l*–1(e) a requirement that is manifestly not there.

The contention made by appellant was presented to and rejected by the court of appeals in *Guinn v. State*, 696 S.W.2d 436 (Tex.App.1985, pet. ref'd). Although this

Court has criticized certain statements made in that opinion, *Seaton v. State*, 718 S.W.2d 870 (Tex.App.1986, no pet.), we agree with the result reached for the reasons stated in this opinion.

The State's pleading and proof satisfy the requirements of art. 6701*l*–1(e). Therefore, the point of error is overruled and the judgment of conviction is affirmed.