**David Hill GIBSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–96–01430–CR.**

Court of Appeals of Texas,
Dallas.

June 25, 1998.

Bernard Eric Zwillenberg, Dallas, for Appellant.

Sue Korioth, Asst. Dist. Atty., Dallas, for Appellee.

Before THOMAS, C.J., and FARRIS[1] and MILLER,[2] JJ.

**OPINION**

DAVID F. FARRIS, Justice (Assigned).

The issue in this case is whether David Hill Gibson's two prior convictions that arose from the same criminal transaction and were tried together were sufficient to enhance his present DWI charge to a third degree felony under section 49.09(b) of the penal code. TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.1998). We hold that they were and affirm Gibson's conviction.

Gibson was charged with driving while intoxicated under section 49.04 of the penal code, enhanced by two prior convictions for involuntary manslaughter. TEX. PENAL CODE ANN. § 49.04 (Vernon 1994). The two manslaughter convictions arose from the same incident involving Gibson's operation of a motor vehicle while intoxicated and were offenses under penal code section 19.05(a)(2), as that law existed before September 1, 1994. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 913, *amended by* Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614 (subsequent amendments omitted) (current version at TEX. PENAL CODE ANN. § 49.08 (Vernon 1994)). The manslaughter cases were joined and tried together in one proceeding. Gibson contends the enhancement of punishment should take into account an accused's number of prior illegal acts rather than the consequences; thus, the two manslaughter convictions should be treated as a single conviction for enhancement purposes. Gibson also contends the two should be treated as one conviction because the two sentences ran concurrently. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 891, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3592 (current version at TEX. PENAL CODE ANN. § 3.03 (Vernon Supp.1998)). Consequently,

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Chuck Miller, Former Judge, Texas Court of Criminal Appeals, sitting by assignment.

Gibson insists his present offense should have been treated as a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.09(a) (Vernon Supp.1998).

In addressing the contention in Gibson's first point of error, we contrast section 49.09(b) with the general enhancement statute, penal code section 12.42. *See id.* §§ 12.42(d), 49.09(b). Both statutes provide for enhanced punishment upon proof the accused has two previous convictions; however, under section 12.42(d), one of the two prior convictions must have occurred after the other prior conviction became final. No similar requirement is found in section 49.09(b). Other courts of appeal have contrasted the predecessor to section 49.09 with section 12.42(d) and concluded, as we do now, that they would not read language into a statute that manifestly was not there. *See Peck v. State,* 753 S.W.2d 811, 812 (Tex.App.—Austin 1988, pet. ref'd); *Guinn v. State,* 696 S.W.2d 436, 437–38 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Although both *Peck* and *Guinn* addressed the issue of convictions occurring on the same day rather than the particular issue presented here, we reach a similar conclusion: The failure to include in section 49.09(b) the language found in section 12.42, that one prior offense occur after the other, suggests that the legislature did not intend to require the State to meet that burden in a section 49.09(b) case. *See Peck,* 753 S.W.2d at 812; *Guinn,* 696 S.W.2d at 437. Point of error one is overruled.

Under his second point of error, Gibson argues that the purpose of penal code section 3.03 is to treat multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes; accordingly, they should be treated as one for enhancement purposes. We reject Gibson's second complaint as we did his first. Section 49.09(b) does not restrict the convictions used to enhance Gibson's offense in such a manner, and we will not impose a limitation not expressed in the statute. Point of error two is overruled.

We affirm the trial court's judgment.