David Hill GIBSON, Appellant,

v.

The STATE of Texas.

No. 1267–98.

Court of Criminal Appeals of Texas.

June 30, 1999.

4. *Ante* at 685 n. 7.

Bernard Zwillenberg, Dallas, for appellant.

Michael J. Sandlin, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

HOLLAND, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MANSFIELD, KELLER, PRICE, WOMACK, and KEASLER, JJ., joined.

The State charged appellant, David Hill Gibson, with driving while intoxicated and for having been twice before convicted of offenses relating to operating a motor vehicle while being intoxicated. *See* TEX. PENAL CODE § 49.09(b). Pursuant to appellant's plea of guilty, the trial court convicted appellant for that charged offense. The trial court assessed punishment at ten years imprisonment and $1,000.00 fine. Appellant gave his notice of appeal. The Fifth Court of Appeals affirmed his conviction. *Gibson v. State,* 972 S.W.2d 148 (Tex.App.-Dallas 1998). Appellant filed a petition for discretionary review, arguing the Dallas Court erred when it concluded he could be convicted under Section 49.09(b) even though his two previous intoxication-related offenses arose "from a ·single illegal act." We will affirm.

On January 23, 1996, the State indicted appellant for driving a motor vehicle while intoxicated. To prove the instant offense amounted to a third degree felony, the State alleged appellant was convicted twice before for offenses related to the operation of a motor vehicle while intoxicated. Specifically, on December 4, 1989, appellant was convicted of involuntary manslaughter as a result of killing two persons while operating a motor vehicle while intoxicated. In one conviction, the trial court assessed punishment at seven years confinement and a $300 fine and a seven year probated sentence in the other. On August 26, 1992, the trial court revoked appellant's probation and sentenced him to three years confinement.

In a pre-trial motion to "quash the enhancement count" of his indictment, appellant requested that the trial court strike "one of two enhancement allegations" of the indictment. Appellant argued that both prior involuntary manslaughter convictions arose from the same incident. Although appellant conceded that Section 49.09(b) does not require that the convictions be subsequent to one another, he claimed "virtually all, if not all, other enhancement provisions in Texas criminal law do require such prior convictions to be sequential, not simultaneous." Appellant insisted the State sought to "unfairly enhance" his punishment for "a single prior illegal act." He requested the trial court "strike one of the enhancement allegations." The trial court denied appellant's motion.

On direct appeal, appellant claimed Section 49.09(b) did not apply to a person who "has two previous convictions for manslaughter based on two deaths arising out of a single illegal act of driving while intoxicated." He argued the use of two prior convictions arising out of the same incident "violates the spirit and rationale of the enhancement scheme of punishment." Appellant asserted this did "not meet the criteria of two separate convictions pursuant to Penal Code Section 49.09(b)."

The Fifth Court of Appeals disagreed, concluding the Legislature did not intend Section 49.09(b) to require the State to prove that one of the prior intoxication-

related offenses be final before the other prior intoxication-related offense had been committed. The court concluded the two alleged prior intoxication-related offenses, which arose from the same criminal transaction and were tried together, were sufficient to establish the instant offense as a third degree felony. *Gibson v. State*, 972 S.W.2d at 149.

Appellant argues this Court should grant review because "[t]he Court of Appeals erred in holding that Penal Code Section 49.09(b) requirement that a person has been previously convicted two times of an offense relating to a motor vehicle while intoxicated includes a person who has two previous convictions for involuntary manslaughter based on two deaths arising out of a single illegal act of driving while intoxicated." Appellant contends the use of two prior convictions arising out of the same incident "violates the spirit and rationale of the enhancement scheme of punishment, which seek to take into account the number of prior illegal acts of a defendant, not the consequences of such illegal acts." The State responds that Section 49.09(b) pertains to the number of convictions and not to the number of illegal acts.

We shall first address the validity of appellant's assertion that the use of the prior intoxication-related offenses in Section 49.09(b) serve the purpose of an "enhancement scheme of punishment." This will distinguish the "scheme" of Section 49.09(b) from the "enhancement scheme of punishment" of Section 12.42(d). After addressing that part of appellant's argument, we shall consider whether the plain language of Section 49.09(b) requires the State to prove the prior intoxication-related offenses occurred sequentially, as the State is required to prove in order to show a defendant is a habitual offender under Section 12.42(d). These are issues of first impression before this Court.[1]

■ There are three grades of the offense of driving while intoxicated. The difference between the grades is set by the number of prior convictions for certain intoxication-related offenses. The offense of driving while intoxicated, without any alleged prior intoxication-related convictions, is a Class B misdemeanor. TEX. PENAL CODE § 49.04(b) & (c). If the State can prove a defendant had previously been convicted of one offense related to operating a motor vehicle, aircraft or watercraft while intoxicated, the driving while intoxicated offense becomes a Class A misdemeanor. TEX. PENAL CODE § 49.09(a). Class A and B misdemeanor driving while intoxicated offenses are tried in the county courts. TEX.CODE CRIM. PROC. art. 4.07. If the State can prove a defendant had "previously been convicted two times of an offense" related to operating a motor vehicle, aircraft or watercraft while intoxicat-

---

1. Several courts of appeals have addressed this question with regard to Section 49.09(b)'s predecessor, Article 6701l-1(e). TEX.REV.CIV. STAT. art. 6701l-1(e) (Vernon Supp.1985), repealed by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3589, 3707. In *Guinn v. State*, 696 S.W.2d 436 (Tex.App.-Houston (14th Dist.) 1985, pet. ref'd), the Fourteenth Court of Appeals held that "two prior misdemeanor DWI offenses becoming final on the same day function as two separate offenses for DWI enhancement purposes." *Id.* at 437. The Fourteenth Court concluded the Legislature placed a special enhancement scheme in Article 6701l-1(e), and excluded the general enhancement scheme of Section 12.42(d), in order to address "the human misery and widespread destruction caused by drunk drivers." *Id.* at 438.

In *Streff v. State*, 890 S.W.2d 815 (Tex.App.-Eastland 1994, no pet.) the Eleventh Court held that Article 6701l-1(e) did not require that the prior intoxication offenses be proven sequentially in the felony DWI statute.
In *Peck v. State*, 753 S.W.2d 811 (Tex.App.-Austin 1988, pet. ref'd), the defendant argued that 6701l-1(e) was analogous to the general enhancement statute. The Third Court disagreed, noting that "[t]he Legislature's failure to employ in art. 6701l-1(e) the language it used in Section 12.42(d) is, at the least, suggestive that it did not intend that the second previous conviction for driving while intoxicated necessarily be for an offense committed after the previous conviction became final." *Peck*, 753 S.W.2d at 812.

ed, the driving while intoxicated offense becomes a felony of the third degree. TEX. PENAL CODE § 49.09(b). Felony driving while intoxicated offenses are tried in either the district courts or the criminal district courts. TEX.CODE CRIM. PROC. art. 4.05.

The prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial. 42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 38.73, at 651–652 (1995 & Supp. 1999).

In contrast, the State can use any prior felony conviction under Section 12.42(d) to increase the potential range of punishment for someone already convicted of a felony. The prior felony convictions do not determine whether the case will be tried in district court or county court. As felonies, those cases were already set in the district courts. The prior felony convictions are not admitted into evidence until the punishment stage of a trial after the defendant has already been convicted of the primary felony offense. 6 MICHAEL B. CHARLTON, TEXAS PRACTICE: TEXAS CRIMINAL LAW § 29.4, at 338 (1994 & Supp.1998). We conclude that prior intoxication-related convictions serve the purpose of enhancing the offense in Section 49.09(b) whereas the prior convictions used in Section 12.42(d) serve the purpose of enhancing punishment.[2] Section 49.09(b) is distinguishable

from Section 12.42(d) on this basis. Next, we will consider the plain language of Article 49.09(b).

Our reading of the plain language of Section 49.09(b) also indicates it should not be viewed as a punishment-enhancement statute similar to Section 12.42(d). In the course of interpreting the language of Section 49.09(b) we will attempt "to effectuate the collective intent of the legislators who enacted" it. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991).

Section 49.09(b) expressly states that the State must prove a defendant committed two prior offenses related to operating a motor vehicle, aircraft or watercraft while intoxicated.[3] The statute's language is clear and unambiguous. Section 49.09 requires only a showing that a defendant has been convicted twice before for offenses relating to the operation of a motor vehicle, aircraft or watercraft while intoxicated. In writing this statute, the Legislature did not say the convictions had to occur in a specified order, or that they needed to arise from separate transactions. The Legislature expressed only that the State must prove a defendant had two prior convictions for intoxication-related offenses. It is not for this Court to add or subtract from that. *Coit v. State,* 808 S.W.2d 473, 475 (Tex.Crim.App.1991); *and cases cited therein.*

At the time they passed Section 49.09, the Legislature was aware of the language of the habitual offender statute and their requirement that the State must prove "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See* TEX. PENAL CODE § 12.42(d).

---

2. Several Courts of Appeals have also concluded that the prior convictions are used in Section 49.09(b) to establish jurisdiction and are not used for enhancement. *Tamez v. State,* 980 S.W.2d 845, 847 (Tex.App.-San Antonio 1998); *Hampton v. State,* 977 S.W.2d 467, 468 (Tex.App.-Texarkana 1998, pet. ref'd); and *Maibauer v. State,* 968 S.W.2d 502, 507 (Tex.App.-Waco 1998, pet. ref'd).

3. The statute sets out in pertinent part, "If it is shown on the trial of an offense under Section 49.04, 49.05, or 49.06 that the person has previously been convicted two times of an offense relating to the operation of a motor vehicle while intoxicated, _, the offense is a felony of the third degree."

The Legislature chose neither to include similar language nor to make reference to Section 12.42(d). This indicates a legislative resolve not to include a sequential requirement in the proof required for showing the prior convictions in Section 49.09(b). *Cf. Jones v. State,* 979 S.W.2d 652, 657 (Tex.Crim.App.1998)(wherein this Court cited the Legislature's decision to not include language from TEX.CODE CRIM. PROC. art. 13.15 into Article 13.08 as proof of legislative resolve to not carry forward the language from Article 13.15 into Article 13.08.).

Accordingly, we conclude that Section 49.09(b) does not require the State to prove the prior convictions occurred sequentially. Instead, the State must show a defendant was twice previously convicted for offenses related to operating a motor vehicle, aircraft, or watercraft while intoxicated. This interpretation of the text of Section 49.09(b) should have been plain to the legislators who voted on it. *Boykin,* 818 S.W.2d at 785. We hold the Fifth Court of Appeals correctly determined the State did not err in relying on appellant's two previous convictions for involuntary manslaughter based on two deaths arising out of a single illegal act in order to prove the instant offense was a third degree felony.

Appellant's ground for review is overruled. The judgment of the Court of Appeals is affirmed.

JOHNSON, J., filed a dissenting opinion, in which MEYERS, J., joined.

JOHNSON, J., filed a dissenting opinion, in which MEYERS, J., joined.

I respectfully dissent. Appellant was convicted of driving while intoxicated, enhanced by two prior convictions for involuntary manslaughter. *See* TEX. PEN.CODE §§ 49.04 & 49.09. The two manslaughter convictions arose from the same incident involving Gibson's operation of a motor vehicle while intoxicated. The Court of Appeals held that it was not error for appellant's DWI charge to be enhanced by his two previous alcohol-related convictions, even though those convictions arose from the same DWI incident. *Gibson v. State,* 972 S.W.2d 148 (Tex.App.-Dallas 1998, pet. granted). We granted appellant's petition for discretionary review on the ground that "[t]he Court of Appeals erred in holding that Penal Code Section 49.09(b)['s] requirement that a person having been previously convicted two times of an offense relating to a motor vehicle while intoxicated includes a person who has two previous convictions for involuntary manslaughter based on two deaths arising out of a single illegal act of driving while intoxicated." Today the majority affirms the decision of the Court of Appeals.

Both the majority and the Court of Appeals reject appellant's contention by selectively contrasting § 49.09(b) with TEX. PEN.CODE § 12.42(d), which provides for enhanced penalties for repeat felony offenders. Both conclude that because § 12.42(d) requires that one of the two prior convictions must have occurred after the other prior conviction became final and because § 49.09(b) has no such requirement,[1] the latter does not prohibit enhancement by two prior DWI-related convictions, even when those convictions arise from the same incident. *Ante,* at 695–696; *Gibson v. State,* 972 S.W.2d at 149.

However, in focusing on this issue, both the majority and the Court of Appeals have ignored the very different terminology employed in the two statutes, terminology which supports appellant's claim. TEX. PEN.CODE § 12.42(d) provides:

> If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been *finally convicted of two felony offenses,* and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be

---

1. I agree that Chapter 49 does not require sequential convictions, but a discussion of sequential convictions does not address the issue presented for review.

punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Emphases added.) The emphasis is on repeated behavior; two convictions from one event do not invoke the enhancement penalties.

TEX. PEN.CODE § 49.09(b) provides:

If it is shown on the trial of an offense under Section 49.04, 49.05, or 49.06 that the person has previously been *convicted two times of an offense relating to the operating of a motor vehicle while intoxicated,* an offense of operating an aircraft while intoxicated, or an offense of operating a watercraft while intoxicated, the offense is a felony of the third degree.

(Emphasis added.) While the legislature specified the use of previous "felony convictions" in § 12.42(d), it used the very different phrase "convicted two times of an offense relating ..." in § 49.09(b). In ignoring this difference, the majority has not simply interpreted the plain language of § 49.09(b) as it claims to have done. *Ante,* at 696–97. Instead, it has rewritten that statute to read:

If it is shown on the trial of an offense under Section 49.04, 49.05, or 49.06 that the person has previously been convicted two times of an offense *of two offenses* relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, or an offense of operating a watercraft while intoxicated, the offense is a felony of the third degree.

This is contrary to our approach to statutory interpretation. When the legislature has used different terms in such a manner, we presume that it intended those terms to have distinct meanings. *See Tigner v. State,* 928 S.W.2d 540, 544–545 (Tex.Crim.

App.1996). Thus, in using the phrase "convicted two times of an offense relating ...," the legislature presumably meant something different from "two offenses." Taken in its natural context, the use of the word "times" supports appellant's contention that § 49.09(b)'s focus is on a defendant's previous DWI incidents or transactions through which he was convicted. *See, e.g.,* WEBSTER'S II NEW COLLEGE DICTIONARY 1154 (1995) (defining "time" as, *inter alia,* "an occasion").

Even assuming, *arguendo,* that § 49.09(b) is ambiguous on this matter,[2] its legislative history supports appellant's claim. Section 49.09 is the current (and modified) version of TEX.REV.CIV. STATS. art. 6701*l*–1(e), which similarly provided for increased punishment based on the same language, that a defendant has "previously been convicted two or more times of [driving while intoxicated.]" *See* Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1574, 1576 (subsequently repealed). Bill analyses by the House Study Group on May 17, 1983, and May 27, 1983, indicate that the focus of the amendments to art. 6701*l*–1 ( including (e)) was on *repeat DWI offenders.* A section-by-section analysis shows that the various provisions for increased punishments were for "1st DWI," "2nd DWI," and "3rd and Subsequent DWI." Finally, both competing House and Senate versions of the amendments lists the increased punishments for "1st DWI," "2nd DWI," and "3rd DWI."

Both the plain language and the legislative history indicate that the focus of § 49.09(b) is not upon the number of previous *convictions* related to DWI incidents, but on the number of previous DWI *incidents* resulting in conviction. This same philosophy is reflected in § 12.42(d), which speaks in terms of previous convictions, but requires a sequence of events such that enhancement provisions are invoked

---

**2.** Under our approach to statutory interpretation, we look to the literal text for the meaning of the statute, and we ordinarily give effect to that plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

The only exceptions to this rule are if application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, or if the plain language is ambiguous. *Id.*

only by repeated incidents of bad behavior. In the instant case, appellant had one prior DWI incident on which his two previous convictions were based. Therefore, § 49.09(b) does not apply. Appellant falls under § 49.09(a), which provides for enhancement based on a defendant having "previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated." Because the majority holds otherwise, I dissent.