TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00382-CR






Daniel Zane Gambol, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 8164, HONORABLE CHARLES HEARN, JUDGE PRESIDING







A jury found appellant Daniel Zane Gambol guilty of driving while intoxicated
(DWI), third offense. See Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2000). The
district court assessed punishment at imprisonment for three years. We will affirm.

Appellant first contends the district court erred by permitting certain testimony
regarding the horizontal gaze nystagmus (HGN) test. The arresting officer testified that he
administered three field sobriety tests at the roadside after stopping appellant, one of which was
the HGN test. The officer defined "nystagmus" for the jury as "the involuntary jerking of the
eyeballs." Over appellant's objection that he was not shown to be scientifically qualified to so
testify, the officer told the jury that nystagmus occurs naturally in every individual and that
alcohol will "enhance it so it can be seen by the naked eye." After describing how the test was
conducted, the officer testified without further objection that he "found in each eye there was all
three clues present, which was maximum deviation, lack of smooth pursuit, and the onset before
45 degrees."

The scientific theory underlying the HGN test has been held to be sufficiently
reliable under rule 702. See Emerson v. State, 880 S.W.2d 759, 768 (Tex. Crim. App. 1994);
Tex. R. Evid. 702. If properly applied, the technique employed in the HGN test is a reliable
indicator of intoxication. See Emerson, 880 S.W.2d at 768-69. Appellant did not object to the
officer's testimony describing appellant's performance on the test and does not now question the
officer's application of the HGN technique in this case. The only issue on appeal is the officer's
qualifications to testify to the effect of alcohol consumption on nystagmus. Because the reliability
of the underlying science was recognized in Emerson, any error in admitting the challenged
testimony was harmless. See Tex. R. App. P. 44.2(b). Point of error one is overruled.

Next, appellant contends the district court erroneously admitted evidence of other
offenses at the guilt stage of trial. See Tex. R. Evid. 404(b). Two of the offenses to which
appellant refers were his previous DWI convictions. "The prior intoxication-related offenses are
elements of the [felony] offense of driving while intoxicated . . . and are admitted into evidence
as part of the State's case-in-chief during the guilt-innocence stage of the trial." Gibson v. State,
995 S.W.2d 693, 696 (Tex. Crim. App. 1999). As to these offenses, no error is presented.

Appellant also contends the State should not have been permitted to show that his
probation for an earlier DWI conviction was revoked. Appellant testified on his own behalf. He
admitted drinking one beer on the night he was stopped, but denied he was intoxicated. During
cross-examination, the State was allowed to question appellant about his earlier DWI convictions,
and to adduce the fact that his admitted drinking violated one of the conditions of his probation. 
We find no reference to or evidence of a probation revocation. No violation of rule 404(b) is
shown. Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 20, 2000

Do Not Publish



fect 9">




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00382-CR






Daniel Zane Gambol, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 8164, HONORABLE CHARLES HEARN, JUDGE PRESIDING







A jury found appellant Daniel Zane Gambol guilty of driving while intoxicated
(DWI), third offense. See Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2000). The
district court assessed punishment at imprisonment for three years. We will affirm.

Appellant first contends the district court erred by permitting certain testimony
regarding the horizontal gaze nystagmus (HGN) test. The arresting officer testified that he
administered three field sobriety tests at the roadside after stopping appellant, one of which was
the HGN test. The officer defined "nystagmus" for the jury as "the involuntary jerking of the
eyeballs." Over appellant's objection that he was not shown to be scientifically qualified to so
testify, the officer told the jury that nystagmus occurs naturally in every individual and that
alcohol will "enhance it so it can be seen by the naked eye." After describing how the test was
conducted, the officer testified without further objection that he "found in each eye there was all
three clues present, which was maximum deviation, lack of smooth pursuit, and the onset before
45 degrees."

The scientific theory underlying the HGN test has been held to be sufficiently
reliable under rule 702. See Emerson v. State, 880 S.W.2d 759, 768 (Tex. Crim. App. 1994);
Tex. R. Evid. 702. If properly applied, the technique employed in the HGN test is a reliable
indicator of intoxication. See Emerson, 880 S.W.2d at 768-69. Appellant did not object to the
officer's testimony describing appellant's performance on the test and does not now question the
officer's application of the HGN technique in this case. The only issue on appeal is the officer's
qualifications to testify to the effect of alcohol consumption on nystagmus. Because the reliability
of the underlying science was recognized in Emerson, any error in admitting the challenged
testimony was harmless. See Tex. R. App. P. 44.2(b). Point of error one is overruled.

Next, appellant contends the district court erroneously admitted evidence of other
offenses at the guilt stage of trial. See Tex. R. Evid. 404(b). Two of the offenses to which
appellant refers were his previous DWI convictions. "The prior intoxication-related offenses are
elements of the [felony] offense of driving while intoxicated . . . and are admitted into evidence
as part of the State's case-in-chief during the guilt-innocence stage of the trial." Gibson v. State,
995 S.W.2d 693, 696 (Tex. Crim. App. 1999). As to these offenses, no error is presented.

Appellant also contends the State should not have been permitted to show that his
probation for an earlier DWI conviction was revoked. Appellant testified on his own behalf. He
admitted drinking one beer on the night he was stopped, but denied he was intoxicated. During
cross-examination, the State was allowed to question appellant about his earlier DWI convictions,
and to adduce the fact that his admitted drinking violated one of the conditions of his probation. 
We find no reference to or evidence of a probation revocation. No violation of rule 404(b) is
shown. Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 20,