NUMBER 13-00-231-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOSE GEORGE GUTIERREZ, A/K/A 

JOSE JORGE GUTIERREZ, A/K/A

JOE GEORGE GUTIERREZ, A/K/A 

JORGE JOSE GUTIERREZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and

Kennedy(1)

Opinion by Justice Kennedy



 Appellant was indicted for felony driving while intoxicated (DWI). 
The indictment alleged the primary offense followed by allegations of
seven previous DWI convictions which were included in order to raise
the offense to the grade of felony. Following those allegations were two
paragraphs alleging an aggravated assault conviction and a felony DWI
conviction. These latter two paragraphs were designed to convict
appellant as an habitual offender.

 A jury convicted appellant of felony DWI as alleged. Then,
following a separate hearing on punishment, the jury found the
allegations used for enhancement to be true and assessed punishment
at confinement for forty-two years. Appellant's one issue on appeal is:

 The trial court erred in finding "true" the prior conviction in
Cause No. 91-CR-1387-C in relation to the habitual felony
offender paragraph because prior DWI convictions may not
be used under the general enhancement statute.


 Prior to the effective date of Penal Code section 49.09(f)(2), the use
of prior DWI convictions for enhancement was precluded. Section
49.09(f) was intended to apply only to offenses that occurred after
September 1, 1995. The thrust of appellant's issue is that although the
date of his primary offense is alleged to be after September 1, 1995
(January 18, 1999) the primary offense is enhanced by two convictions
which occurred prior to September 1, 1995 (1986 and 1994). As a part
of this argument, he alleges that the two priors are essential elements
of the primary offense. To advance this argument further, if the 1986
and 1994 convictions are part of the primary offense, then it can be
argued that part of the primary offense occurred before the date when
prior DWI convictions could be used under the general enhancement
provisions of law in effect before September 1, 1995.

 We reject this argument. Section 49.09(f) says simply: "A
conviction may be used for purposes of enhancement under this section
or enhancement under Subchapter D, Chapter 12,(3)
 but not under both
this section and Subchapter D."

 Appellant cites Gibson v. State, 995 S.W.2d 693 (Tex. Crim. App.
1999), in support of his argument. It is true, as appellant states in his
brief, (citing Gibson, 995 S.W.(2d) at 696) "The prior intoxication-related
offenses are elements of the offense of driving while intoxicated. They
define the offense as a felony and are admitted into evidence as part of
the State's proof of its case-in-chief during the guilt-innocense stage
of the trial." This is not to say that because both convictions (1986 and
1994) occurred prior to September 1, 1995, they may not be used to
enhance the punishment for felony DWI. Nothing in Gibson or Section
49.09(f) says this.

 In State v. Nelms, 775 S.W.2d 25, 26 (Tex. App. ­ Houston [14th
Dist.] 1989, pet. ref'd) the court said:

 Appellee presupposes that the use of the previous
conviction, Cause No. 7,536, to elevate the misdemeanor
charge in Cause No. 15,252 to a third degree felony under
section 31.03(e)(4)(C) is an "element" of this offense. This
is not the situation. . . . The use of the prior convictions are
included to elevate the offense to a third degree felony and
confer jurisdiction on the district court.


 We deny the relief sought in appellant's brief and AFFIRM the
judgment of the trial court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 25th day of January, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. Tex. Pen. Code Ann. § 49.09(f) (Vernon Supp. 2001).
3. Tex. Pen. Code Ann. § 12.41 et seq. (Vernon 2001).