Affirmed and Memorandum Opinion filed October 9, 2008








Affirmed and Memorandum Opinion filed October 9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00376-CR

____________

 

MICHAEL EUGENE HUNT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1108104

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Michael Eugene Hunt, appeals his conviction for
felony driving while intoxicated for which he was sentenced to 26 years= imprisonment.  In
his sole issue, appellant argues that the evidence is factually insufficient to
support his conviction.  We affirm. 

                                                  BACKGROUND








On July
24, 2006, Deputy Dennis Walker of the Harris County Sheriff=s Department observed appellant
driving in an unsafe and erratic manner on the Sam Houston Toll Road. 
Appellant was changing lanes without signaling and reached speeds close to 100
miles per hour.  Deputy Walker stopped appellant=s vehicle and, upon approaching
appellant, noticed that appellant had a glazed look.  Appellant had blood-shot
eyes; he slurred his speech while conversing with Deputy Walker.  Deputy Walker
detected a strong odor of alcohol emanating from appellant=s breath and observed an open beer
container within appellant=s reach in a cup holder behind the driver=s seat.  Appellant told Deputy Walker
that he had drank Aa couple of beers.@[1]  Deputy Walker suspected that
appellant was intoxicated and asked appellant to exit his vehicle to undergo
field sobriety tests.  Deputy Walker testified that appellant stumbled as he
exited his vehicle and that his balance was unsteady.  

Deputy
Walker first administered the horizontal gaze nystagmus test (AHGN@) on appellant.  Appellant=s eyes jerked in a horizontal motion,
indicating alcohol consumption. Deputy Walker then administered the
walk-and-turn test.  He demonstrated the test to appellant and then asked
appellant to perform the test.  Appellant missed his heel-to-toe step, used his arms for balance, and
failed to walk in a straight line. After appellant faltered, he refused to
perform any further sobriety tests and refused to give a breath sample for a
breathalyzer test.  Based on his observations, Deputy Walker concluded that
appellant was legally intoxicated.  Appellant was arrested and charged
by indictment with felony driving while intoxicated.  The indictment contained
two enhancement paragraphs alleging that appellant had two prior convictions
for driving while intoxicated.  

Appellant pleaded not guilty.  A jury trial found him guilty
of driving while intoxicated as a third offense.  His punishment was assessed,
enhanced by the two prior convictions, at 26 years in prison.  In his sole
issue, appellant challenges the factual sufficiency of the evidence on the
element of intoxication.   

                                                              

 








STANDARD OF REVIEW

When reviewing the factual sufficiency of the evidence, we
review all the evidence in a neutral light, favoring neither party.  Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim.
App. 2008).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust or (2) whether, considering conflicting
evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Id.; see also Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 

In
reviewing a jury=s finding for factual sufficiency, we must give due deference
to the jury=s determinations and refrain from substituting our judgment for that of
the fact-finder.  Newby v. State, 252 S.W.3d 431, 435 (Tex. App.CHouston [14th Dist.] 2008, pet.
struck).  It is the jury=s exclusive role to weigh the evidence and determine
credibility.  Rivera-Reyes v. State, 252 S.W.3d 781, 784-85 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 


                                            FACTUAL
SUFFICIENCY 

In this case, the State was required to prove that
appellant was intoxicated while operating a motor vehicle in a public place.  See
Tex. Penal Code ' 49.04(a).[2]   
Appellant contends that the evidence is
factually insufficient on the element of intoxication.  








The term
Aintoxicated@ means not having the normal use of
mental or physical faculties by reason of the introduction of alcohol into the
body or having an alcohol concentration of 0.08 or more.  Id. at ' 49.01(2).  Because appellant did not
submit to any scientific means of determining his level of alleged
intoxication, the State=s theory of prosecution was that he had lost the normal use
of his mental or physical faculties as set forth in section 49.01(2)(A).  See
id.  At trial, Deputy Walker testified that he observed appellant speeding
in his vehicle and changing lanes without signaling.  Deputy Walker observed
appellant=s blood-shot eyes and slurred speech.  Appellant smelt of alcohol and
stumbled as he exited his vehicle.

Furthermore, appellant performed poorly on two field sobriety tests.  The
results of the HGN test indicated that appellant was intoxicated.  See
Emerson v. State, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994) (reasoning
that the HGN is a highly reliable indicator of intoxication).  Appellant was
also unable to walk in a straight line or properly complete the walk-and-turn
sobriety test.  Deputy Walker=s testimony of appellant=s erratic driving, difficulty in
exiting his car, slurred speech, blood-shot eyes, unsteady balance, and smell
of alcohol all suggest that appellant=s mental and physical faculties were
impaired.  See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App.
1979) (reasoning that an officer=s testimony that a person was
intoxicated provided sufficient evidence to establish the element of
intoxication); Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d) (stating that the testimony of a
police officer that an individual is intoxicated is probative evidence of
intoxication).  We find that the evidence supporting the conviction is not
against the great weight and preponderance of the evidence.  








Appellant attempted to rebut Deputy Walker=s testimony with
the testimony of Gary Bradshaw.  Bradshaw was a passenger in appellant=s car on the night
of the offense.  Bradshaw testified that he did not observe appellant drinking
alcohol within the four hours preceding appellant=s arrest.  The jury is entitled to judge the
credibility of the witnesses and may choose to believe all, some, or none of
the testimony of the witnesses.  Markey v. State, 996 S.W.2d 226, 230
(Tex. App.CHouston [14th Dist.] 1999, no pet.).  The jury in this case was presented
with testimony from Bradshaw and Deputy Walker, and it was within the jury=s exclusive province to reconcile the
conflicting evidence.  See Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996).  Apparently, the jury chose to believe Deputy Walker=s testimony rather than Bradshaw=s. We find the evidence to be
factually sufficient to support appellant=s conviction and overrule appellant=s sole issue.

We
affirm the trial court=s judgment.  

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgement rendered and Memorandum Opinion filed
October 9, 2008

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant denies that he made this admission to
Deputy Walker.





[2]  A defendant charged with driving while intoxicated
under section 49.04(a) may be tried as a felon if he has two prior convictions
for driving while intoxicated.  Tex. Penal Code ' 49.09(b)(2).  The prior intoxication-related offenses are elements of
the offense of felony driving while intoxicated.  Gibson v. State, 995
S.W.2d 693, 696 (Tex. Crim. App. 1999).