

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,764-01

**EX PARTE YUSULF SHAHEED BENSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 65676-A IN THE 149TH DISTRICT COURT
### FROM BRAZORIA COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving while intoxicated and intoxication assault, the offenses having been charged in a single indictment, and he was sentenced to concurrent terms of seven and five years' imprisonment, respectively. The convictions arise from the same criminal episode in which Applicant struck a motorcyclist with his vehicle and caused the motorcyclist injury. Applicant contends, *inter alia*, that his convictions for both DWI and intoxication assault violate the prohibition against double jeopardy. As discussed below, this Court orders that the double jeopardy issue be filed and set for submission with briefing by the parties.

The Double Jeopardy Clause protects an accused against multiple punishments for the same offense. U.S. CONST. amend. V; *Ex parte Denton*, 399 S.W.3d 540 (Tex. Crim. App. 2013). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The elements of DWI are satisfied with proof showing that "the person is intoxicated while operating a motor vehicle in a public place," TEX. PENAL CODE § 49.04(a), and Applicant's two prior DWI convictions elevated the DWI offense to a felony, TEX. PENAL CODE 49.09(b). A person commits intoxication assault if that person "by accident or mistake, . . . while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another." TEX. PENAL CODE § 49.07(a)(1).

Applicant argues that double jeopardy bars a conviction for both offenses because the same elements must be proven for each offense, except that intoxication assault requires only the additional element of bodily injury to another. *See Blockburger v. United States*, *supra*; *Ex parte Denton*, *supra*. The prosecution counters that there is no double jeopardy concern. It asserts that each offense has elements not found in the other because intoxication assault requires injury, while felony DWI does not, and felony DWI requires two prior DWI convictions, while intoxication assault does not. The prosecution cites to a 2001 opinion from the Fourteenth Court of Appeals, which denied a similar double jeopardy challenge, holding, "Because felony DWI includes the jurisdictional prerequisites of two prior DWI convictions, and intoxication manslaughter does not, felony DWI is not a lesser included offense of intoxication manslaughter." *McLeod v. State*, 56 S.W.3d 704, 708 (Tex. App.—Houston [14th Dist.] 2001); *see also Perez v. State*, No. 04-01-00552-CR (Tex. App.—San Antonio Jan 29, 2003) (denying a similar double jeopardy claim, holding, "[F]elony DWI

requires proof of two prior DWI convictions and intoxication manslaughter requires proof the defendant caused the victim's death").

This Court has held that prior intoxication-related offenses are elements of felony DWI, *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999), and the prosecution must plead two jurisdictional prior DWI convictions in a felony DWI indictment because it is the indictment that confers jurisdiction in the district court, *Martin v. State*, 200 S.W.3d 635 (Tex. Crim. App. 2006). This Court has also recognized, however, that these prior-DWI elements are jurisdictional in nature, *see id.*, and the jurisdictional priors are not included as elements in the DWI statute itself but are pled as an enhancement, TEX. PENAL CODE §§ 49.04 and 49.09(b).

Given this background, this application is filed and set for submission, and the parties shall brief the following issue:

> Whether the prior-DWI jurisdictional enhancements alleged in a felony DWI indictment may be considered as elements of the DWI offense when determining whether conviction for that DWI and a conviction for intoxicated assault arising from the same criminal episode, as occurred in Applicant's prosecution, are barred by double jeopardy.

It does not appear that Applicant is represented by counsel. If he is unrepresented, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent him. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 30 days of the date of this order, a supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before November 24, 2014.

Filed: September 24, 2014
Do not publish