**DISMISS; and Opinion Filed December 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00078-CR

### JUSTIN COLE DRYMAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1
Kaufman County, Texas
Trial Court Cause No. 12CL-0355**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Brown

Justin Cole Dryman appeals following the revocation of his community supervision for misdemeanor driving while intoxicated. In a single issue, he contends the evidence is insufficient to prove he committed a prior DWI that was alleged in the charging instrument. For the following reasons, we dismiss appellant's appeal for want of jurisdiction.

In March 2012, appellant was charged by information with DWI, alleged to have occurred on about December 13, 2011. The information further alleged that:

> [P]rior to the commission of the aforesaid offense, on the 25th day of February, 2010, in the County Court at Law of Kaufman County, Texas, in cause number 09CL-1756, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated.

On March 23, 2013, appellant pleaded guilty to Class A misdemeanor DWI pursuant to a plea bargain agreement. The plea bargain agreement contained appellant's judicial confession that he "committed the offense of **DRIVING WHILE INTOXICATED 2ND** on 12/13/2011 exactly as

alleged in the charging instrument." The trial court found appellant guilty and sentenced him to confinement for one year. The court suspended imposition of the sentence and placed appellant on community supervision for two years. Appellant did not appeal from the order placing him on community supervision. He waived the right to appeal as a condition of the plea agreement.

In July 2014, the State filed a motion to revoke appellant's community supervision. The State alleged appellant violated the conditions of community supervision by committing the offenses of driving while license invalid and public intoxication. At a December 2014 hearing, appellant pleaded not true to the allegations in the motion to revoke. After hearing evidence, the trial court granted the State's motion, revoked appellant's community supervision, and assessed punishment at eleven months' confinement in the county jail. This appeal followed.

In a single issue, appellant contends the evidence is insufficient to prove his prior DWI conviction. He maintains his prior conviction was used to enhance his punishment and that nothing in the record shows he pleaded true to the enhancement or otherwise proves the conviction. He asserts his eleven-month sentence is void because it exceeded the range of punishment for a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 12.22 (West 2011) (Class B misdemeanor punishable by confinement in jail for term not to exceed 180 days). The State responds that appellant's issue is not properly before the Court because it is too late for him to complain about the evidence of a prior conviction. We agree with the State.

A defendant placed on community supervision may raise issues relating to the original plea proceedings only in an appeal taken when community supervision is first imposed. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b) (West Supp. 2015). The relevant part of article 42.12, section 23(b) provides:

> The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is

placed on community supervision. When he is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in jail or in the Texas Department of Criminal Justice, he may appeal the revocation.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b).

Appellant attempts to make this an issue about his punishment, arguing that his sentence following revocation is void. But in actuality, appellant's complaint concerns the sufficiency of the evidence to support his conviction for a second DWI offense. A first DWI offense is generally a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2015). But if it is shown on the trial of the offense that the defendant has one prior conviction for DWI, or certain other intoxication-related offenses, the offense becomes a Class A misdemeanor. *See id.* § 49.09(a) (West Supp. 2015); *see also id.* § 12.21 (Class A misdemeanor punishable by confinement in jail for term not to exceed one year). Under these circumstances, the prior DWI conviction is an element of the offense. *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The prior DWI conviction defines the new offense as a Class A misdemeanor and therefore enhances the offense, rather than the punishment. *See id.* It thus becomes part of the State's proof of its case-in-chief during the guilt/innocence stage of trial.[1] *See id.* Accordingly, it is too late for appellant to raise a complaint about the sufficiency of the evidence to support his conviction. *See Manuel*, 994 S.W.2d at 661. Because appellant's issue concerns his original conviction, not the revocation of his community supervision, we cannot address it. *See Leach v. State*, 170 S.W.3d 669, 675 (Tex. App.—Fort Worth 2005, pet. ref'd). We dismiss appellant's sole issue.

---

[1] In his brief, appellant cites *Prihoda v. State*, 352 S.W.3d 796 (Tex. App.—San Antonio 2011, pet. ref'd), for the proposition that the prior conviction was not an element of the offense. *Prihoda* relies only on *Blank v. State*, 172 S.W.3d 673 (Tex. App.—San Antonio 2005, no pet.), for this proposition. *Blank* in turn relies only on *Love v. State*, 833 S.W.2d 264 (Tex. App.—Austin 1992, pet. ref'd), which predates the court of criminal appeals's decision in *Gibson*.

We dismiss this appeal for want of jurisdiction.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

150078F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN COLE DRYMAN, Appellant

No. 05-15-00078-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas

Trial Court Cause No. 12CL-0355.

Opinion delivered by Justice Brown, Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 7th day of December, 2015.