

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0398-17

**JOSE OLIVA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**KEASLER, J., filed a dissenting opinion in which YEARY, J., joined.**

### DISSENTING OPINION

In *Calton v. State*, we said that "[a]n enhancement . . . does not change the offense,

or the degree of the offense, of conviction."[1]  This necessarily means that, if some fact or

issue does affect the degree of the offense (rather than just the "punishment range" attendant

to the offense), it is not an enhancement.[2]  Instead, it constitutes part of "the offense . . . of

---

[1]  176 S.W.3d 231, 233 (Tex. Crim. App. 2005).

[2]  *Id.*

conviction."[3] It is, at least in this sense, elemental.[4] This is so, we said, because "[t]here can be no enhancement until a person is first convicted of an offense of a certain degree."[5] This language, if followed, would seem to allow but one result in this case: Because Penal Code Section 49.09(a) says that driving while intoxicated (DWI) "is" a Class A misdemeanor if the State proves that the defendant "has previously been convicted one time of" DWI, the fact of his prior conviction is elemental.[6] It must be proven in guilt-innocence.[7]

The majority offers three explanations for why this prior holding need not be followed today: First, the majority notes that *Calton* "cited no authority for the proposition that a punishment enhancement does not change the degree of the offense[.]"[8] The majority then goes on to characterize this instructive language from *Calton* as *dictum*,[9] and finally seeks to distinguish the statute at issue in this case from the one discussed in *Calton*.[10]

---

[3] *Id.*

[4] *Id.* at 234 ("To sustain a conviction, all the elements of the offense must be proved at guilt."); *but see id.* at 237 (Womack, J., dissenting) ("[A] mere requirement of proof does not an element make.").

[5] *Id.* at 233–34.

[6] TEX. PENAL CODE § 49.09(a).

[7] *Calton*, 176 S.W.3d at 232 (prior-conviction provision within the former evading arrest statute "must be proved at the guilt stage of trial because the statute presents it as an element of the offense").

[8] Majority Opinion at 9.

[9] *Id.* at 10.

[10] *Id.* at 22–23.

At issue in *Calton* was the proper construction of former Penal Code Section 38.04, describing the offense of "Evading Arrest or Detention."[11] Under that law, if a person used a motor vehicle "while . . . in flight," the offense was ordinarily classified as a state jail felony; but if the person used a motor vehicle "and the actor ha[d] been previously convicted" of evading arrest, the offense was a third-degree felony.[12] The question in *Calton* was: For the State to obtain a third-degree felony conviction under the prior-offense provision, must the State prove the defendant's prior conviction in guilt-innocence, or may the State wait until the punishment phase to offer proof of that fact?[13]

We ultimately concluded that Section 38.04 was unambiguous: The fact of the defendant's prior conviction "must be proved at the guilt phase of trial."[14] Why? Because the "plain language of § 38.04 reveals that a prior conviction for evading arrest is an element of the offense of third-degree evading arrest."[15] And why was Section 38.04's language so "plain"? Precisely because that statute did not merely "set forth a higher punishment range for the offense when the prior conviction is proved. Instead, it require[d] proof of the prior conviction for the third-degree felony conviction to occur."[16] This reasoning was a clear

---

[11] *Calton*, 176 S.W.3d at 233–34.

[12] *Id.* at 234.

[13] *Id.* at 232.

[14] *Id.* at 234.

[15] *Id.*

[16] *Id.*

reference to *Calton*'s earlier discussion about the respective roles of punishment "enhancements" and "degree[s] of . . . offense[s]" within the Penal Code.[17] And it was the primary, if not the sole, justification given for deciding that Section 38.04's prior-conviction provision was "plain[ly]" elemental.[18]

From these observations, I gather two things. One, *Calton*'s discussion of the difference between facts affecting "the degree of the offense" and facts affecting only the appropriate "punishment range"[19] was not "unnecessary to the decision," so it ought not be dismissed as *dictum*.[20] And two, Section 49.09(a), though undeniably different from former Section 38.04, is not distinguishable in the manner that *Calton* considers to be the most important. Both statutes say that, upon proof of a particular fact, the resulting offense "is" of a higher degree or severity—it is not merely "punished" as though it were.[21] *Calton* would consider this to be a powerful, if not dispositive, indication that the Legislature intended this fact to be resolved in the guilt phase of trial.[22]

---

[17] *Id.* at 233–34.

[18] *Id.*

[19] *See id.* at 233.

[20] *Obiter Dictum*, BLACK'S LAW DICTIONARY (10th ed. 2009).

[21] *Compare* TEX. PENAL CODE § 49.09(a), *and* TEX. PENAL CODE § 38.04(b)(2)(A) (West 2004) (each stating that, upon proof of certain facts, the resulting offense "is" a higher degree than it otherwise would have been), *with* TEX. PENAL CODE § 12.42(a) *et seq.* (stating that, upon proof of certain facts, "the defendant shall be punished" according to a range that is higher than it otherwise would have been).

[22] *Calton*, 176 S.W.3d at 233–34.

To be sure, the fact that we previously adopted one understanding of language affecting the "degree of the offense" does not mean that we are inescapably bound to that understanding. "If a prior decision was poorly reasoned or unworkable, we do not achieve the goals sought through reliance upon *stare decisis* by continuing to follow that precedent."[23] And, as the majority rightly points out, when *Calton* said "[t]here can be no enhancement until a person is first convicted of an offense of a certain degree," it failed to cite any authority for that proposition.[24] But this lack of citation should be seen as a failure of annotation, rather than of logic; it proves neither that *Calton* was poorly reasoned nor that its central thesis is unworkable.

To the contrary, adherence to *Calton* would simplify much of the Court's analysis, and would also allow us to avoid construing indistinguishable, side-by-side phrases in diametrically opposing ways.[25] Just like Section 49.09(a), Section 49.09(b) says that DWI "is" a third-degree felony "if it is shown on the trial of the offense" that the person has two prior convictions for a DWI-related offense.[26] As the majority acknowledges, we have

---

[23] *Febus v. State*, __ S.W.3d __, 2018 WL 850336, at *6 (Tex. Crim. App. Feb. 14, 2018).

[24] See Majority Opinion at 9; *Calton*, 176 S.W.3d at 233–34.

[25] *Cf. Ex parte Keller*, 173 S.W.3d 492, 498 (Tex. Crim. App. 2005) ("Under the normal rules of statutory construction, there is a presumption of statutory consistency. That is, a word or phrase that is used within a single statute generally bears the same meaning throughout that statute[.]") (citations omitted).

[26] TEX. PENAL CODE § 49.09(b).

interpreted 49.09(b)'s language as prescribing "elements of the offense of" felony DWI.[27]

In order to interpret 49.09(a)'s nearly identical language as accomplishing a different result, the majority points to Code of Criminal Procedure Article 36.01, which says that "[w]hen prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read [to the jury] until the hearing on punishment is held[.]"[28] I am unpersuaded. Article 36.01 tells us nothing more than that, if an allegation is determined to be a non-jurisdictional enhancement, it should not be revealed to the jury until the punishment phase.[29] It does not tell us whether or what fact-issues fall into that category. I do not think that this statute sufficiently justifies deviating from the "normal rule of statutory construction" that "identical words used in different parts of the same act are intended to have the same meaning."[30]

*Calton* is also consistent with how our criminal statutes speak about levels or "degree[s]" of offenses.[31] For instance, Article 42.01 of the Code of Criminal Procedure, describing the requisites of "Judgment[s]," says that a criminal judgment "shall reflect" the

---

[27] *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).

[28] TEX. CODE CRIM. PROC. art. 36.01.

[29] *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000) ("Article 36.01 . . . merely proscribes the reading of prior convictions that are enhancements only. Thus, standing alone, article 36.01 does not dispose of the issues, either.").

[30] *Keller*, 173 S.W.3d at 498 (quoting *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995)).

[31] TEX. CODE CRIM. PROC. art. 42.01, § 1(14).

"degree of offense for which the defendant was convicted."[32] We have previously acknowledged that, while the word "conviction" may encompass a finding of guilt as well as "the assessment of punishment," "the word 'convicted' is more likely to refer solely to guilt than the word 'conviction' is."[33] And it seems especially unlikely that the Legislature intended the broader, punishment-inclusive meaning of the word "convicted" in this context, since the words "conviction" and "sentence" are used in contradistinction from one another elsewhere in the statute.[34]

So the Legislature evidently intends that any fact issue affecting the "degree of offense" will ordinarily be resolved at the time that the defendant is "convicted," *i.e.*, at the moment he is adjudicated guilty of an offense by the jury.[35] This amply supports *Calton*'s assertion that "[t]here can be no enhancement until a person is first convicted of an offense of a certain degree."[36] And it means that the evidence necessary to resolve any such fact issue should be submitted to the jury before any adjudication of guilt.

---

[32] *Id.*

[33] *Ex parte White*, 506 S.W.3d 39, 42–43 (Tex. Crim. App. 2016).

[34] TEX. CODE CRIM. PROC. art. 42.01, § 1 ("A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment.").

[35] *Id.* § 1(14); *see also* TEX. PENAL CODE §§ 12.21–12.35 (each stating that an individual "adjudged guilty of" an offense of a particular degree "shall be punished" according to the sentencing ranges therein described).

[36] *Calton*, 176 S.W.3d at 233–34.

Of course, as the majority ably demonstrates,[37] there are clearly expressed exceptions to this general legislative preference for cementing the "degree of offense for which the defendant was convicted" in the guilt phase of trial.[38]  But the important question is what rule the Court should adopt in the absence of such a clear indication of legislative intent.  I think that our jurisprudence would be better served, and the lower courts' future interpretive endeavors made easier, by adopting a bright-line rule:[39] Absent clearly expressed legislative intent to the contrary, when a penal provision states that proof of a particular fact affects the degree of offense (*e.g.*, "is a Class A misdemeanor"), rather than just the applicable punishment range ("is punishable as a Class A misdemeanor"), that fact must be proven in the guilt phase of trial.  This rule, applied to the language of Penal Code Section 49.09(a), means that a defendant's single prior DWI conviction must be proven in the guilt phase of a second-offense DWI trial.

I would affirm the court of appeals for so concluding.  Because the majority reverses the court of appeals, I respectfully dissent.

Filed: May 23, 2018

Publish

---

[37]  Majority Opinion at 14–15.

[38]  TEX. CODE CRIM. PROC. art. 42.01, § 1(14).

[39]  *Cf. Zarychta v. State*, 44 S.W.3d 155, 162 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("The law prefers, where possible, bright-line rules.").