James Joe RAMIREZ a/k/a Jamie
Joe Ramirez, Appellant,

v.

The STATE of Texas, State.

No. 2–03–435–CR.

Court of Appeals of Texas,
Fort Worth.

June 17, 2004.

Leslie Johns, Fort Worth, TX, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Sylvia Mandel, Lisa Haines, Assistant Criminal District Attorneys, Fort Worth, TX, for Appellee.

PANEL A: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant James Joe Ramirez a/k/a Jamie Joe Ramirez entered a negotiated plea of guilty to felony DWI pursuant to a plea bargain agreement, reserving his right to appeal his motion to quash the indictment. On appeal, Appellant contends that the State failed to introduce sufficient evidence into the record of the prior DWI convictions.

Rule 25.2 of the Texas Rules of Appellate Procedure governs the perfection of appeal in criminal cases and requires that the trial court certify an appellant's right to appeal.[1] Appellants in plea-bargained cases are limited to appealing pretrial rulings on written motions unless the trial court otherwise grants permission to appeal.[2]

There is no evidence in the record that the trial court ruled on Appellant's pretrial motion to quash, and even Appellant's brief provides only that the trial court was "aware of the motion." At the time of Appellant's plea on the record, however, the trial court gave Appellant the "right to appeal *the issue* of [his] motion to quash on the enhancement."[3] On the written

---

1. TEX.R.APP. P. 25.2(a)(2).

2. *Id.*

3. Emphasis added.

certification form, the trial court did not check the category addressing pretrial rulings on written motions but instead checked the category indicating that he had given permission to appeal and specified that Appellant has the "right of appeal on Motion to Quash Enhancement." Appellant contended in his motion to quash that one of the prior convictions alleged in the indictment was not final, that the State had to prove two prior final DWI convictions to prove Appellant guilty of felony DWI, and that because one of the prior convictions alleged was not final, the trial court should dismiss the indictment for want of jurisdiction. Similarly, on appeal, Appellant contends that the State's failure to prove the same prior conviction was final makes the evidence legally insufficient to support his felony DWI conviction. Based on the record, we construe the trial court's permission to appeal to encompass Appellant's complaint.

Article 1.15 of the Texas Code of Criminal Procedure provides that:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.[4]

In the case now before this court, Appellant was charged by indictment with felony DWI.[5] That is, he was charged with driving while intoxicated and it was further alleged that he was twice previously convicted of DWI. The judgment recites that Appellant was convicted of the felony offense of driving while intoxicated, but it also recites that no enhancements were found.

Although we note that the legislature refers to the predicate prior convictions "used for purposes of enhancement,"[6] the Texas Court of Criminal Appeals instructs us to the contrary, stating,

The prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial.[7]

Appellant testified by means of his written judicial confession that he committed each and every allegation in the indictment. He orally pled guilty in open court to felony DWI. Similarly, his written guilty plea is to the allegations contained in the indictment. Appellant specifically excluded a plea of true to enhancement allegations. Because the allegations of two prior DWI convictions are allegations of elements of the offense, not punishment enhancement provisions,[8] Appellant's judicial

4. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2004).

5. See TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.2004).

6. Id. § 49.09(e).

7. Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim.App.1999).

8. Id.

confession provided sufficient evidence to support his conviction.[9] We therefore overrule Appellant's sole point and affirm the trial court's judgment.

LIVINGSTON, J. filed a concurring opinion.

McCOY, J. filed a concurring and dissenting opinion.

TERRIE LIVINGSTON, Justice, concurring.

I concur in the result the majority reaches. However, I would treat the trial court's permission to appeal appellant's motion to quash as an implicit denial of his motion. Because appellant offered no evidence to show that one of the prior DWI convictions was not final, I would overrule his point complaining of the denial of his motion to quash, without also reaching the sufficiency of the evidence complaint since we have no jurisdiction over that challenge. *See* Tex.R.App. P. 25.2(a)(2).

BOB McCOY, Justice, concurring and dissenting.

I concur with the majority's holding that we have jurisdiction to address Appellant's legal sufficiency complaint. I disagree, however, with the holding that the judicial confession is sufficient evidence to support the conviction. Appellant's guilty plea and judicial confession were conditioned on his ability to challenge the finality of one of his prior convictions and therefore the sufficiency of the evidence of that prior conviction and, necessarily, the sufficiency of the evidence supporting the conviction be-

fore us. To hold that Appellant's conditional judicial confession is sufficient evidence to support his felony DWI conviction is fundamentally unfair because such holding ignores the condition under which the judicial confession was made. I would reach the merits of his claim.[1] Because the majority affirms Appellant's conviction based on his guilty plea and judicial confession, I respectfully dissent.

9. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App.1979).

1. *See White v. State,* 125 S.W.3d 41, 43 (Tex. App.-Houston [14th Dist.] 2003, pet. filed); *see also Morgan v. State,* 688 S.W.2d 504, 507 (Tex.Crim.App.1985) ("Having thus encouraged pleas of guilty and nolo contendere in exchange for the right to appeal contested pretrial issues, the Legislature surely contemplated a meaningful appeal—one that addresses and decides each issue on its merits. . . . Just as the plea itself no longer waives the right to complain of pretrial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint.").