COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-174-CR
 
 
ERIC 
MEHR                                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 16TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Background 
Facts
        Appellant 
Eric Mehr was charged by indictment with driving while intoxicated (DWI). See 
Tex. Penal Code Ann. § 49.04 
(Vernon 2003). Appellant had two prior intoxication convictions that elevated 
the offense to a felony. Id. § 49.09(b)(2) (Vernon Supp. 2004-05). In 
1983, Appellant was convicted of misdemeanor DWI in Dallas County, cause number 
MA8362753. In 1991, Appellant was again convicted of misdemeanor DWI in Hood 
County, cause number 20,665. Appellant also had a prior felony conviction for 
possession of a controlled substance that was used to enhance the punishment 
range for the felony DWI offense. On January 15, 2004, Appellant pled guilty to 
the felony DWI and pled true to the enhancement paragraph. The trial court 
conducted a punishment hearing, after which it sentenced Appellant to fifteen 
years’ imprisonment and a $5,000 fine. The trial court certified Appellant’s 
right to appeal. Thereafter, Appellant filed a motion for new trial and motion 
for arrest of judgment. These motions were overruled by operation of law, and 
Appellant timely filed this appeal.
        In 
four issues, Appellant challenges his conviction of felony DWI. In his first 
issue, he contends that the district court did not have jurisdiction to hear his 
case because the indictment did not properly allege the elements of felony DWI. 
In his fourth issue, he argues that both prior DWI convictions are outside the 
ten-year limit and cannot be used to elevate his present DWI to a felony 
offense. In issues two and three, he asserts that the 1991 conviction is void 
and cannot be used to enhance the present misdemeanor to a felony. We will 
affirm.
Indictment
        In 
Appellant’s first and fourth issues, he contends that the district court did 
not have jurisdiction to hear the case because the indictment did not properly 
allege the elements of felony DWI. Specifically, he argues that the two prior 
DWI convictions are stale because they are more than ten years old and therefore 
the indictment lacks essential elements.
        Presentment 
of an indictment confers jurisdiction on a trial court, even if the indictment 
is flawed. Carrillo v. State, 2 S.W.3d 275, 277 (Tex. Crim. App. 1999); Studer 
v. State, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). Here the indictment 
was properly presented and the trial court had jurisdiction over the case. 
Appellant’s first issue is overruled.
        The 
State asserts that Appellant’s fourth issue is essentially a sufficiency 
challenge which must fail. When a defendant voluntarily pleads guilty to the 
court, we do not use the legal sufficiency standard to measure the sufficiency 
of the evidence. Wright v. State, 930 S.W.2d 131, 132 (Tex. App.—Dallas 
1996, no pet.). Instead, we look to see if the State introduced sufficient 
evidence to support the plea and demonstrate appellant’s guilt. See Tex. Code Crim. Proc. Ann. art. 1.15; Dinnery 
v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979). A judicial confession 
alone can sufficiently support a conviction on a guilty plea. Dinnery, 
592 S.W.2d at 353; Ybarra v. State, 960 S.W.2d 742, 744 (Tex. 
App.—Dallas 1997, no pet.).
        Here, 
if Appellant’s two prior DWI convictions were stale and the State attempted to 
use them to elevate his present DWI to a felony, Appellant could have easily 
moved to quash the indictment. Bower v. State, 77 S.W.3d 514, 518 (Tex. 
App.—Houston [1st Dist.] 2002, pet. ref’d). At trial Appellant’s remedy 
would have been to timely object, based on section 49.09(e), to the admission of 
the convictions and/or request an instruction on the lesser included offense of 
misdemeanor DWI. See Tex. Penal Code Ann. § 49.09(e); Bower, 
77 S.W.3d at 518.
        Instead, 
Appellant signed a judicial confession in which he admitted that he was 
“GUILTY of the offense of Felony DWI exactly as alleged in the charging 
instrument.” Appellant objected neither to the indictment nor the use of the 
two prior DWI convictions. He pled guilty to the felony DWI as charged and 
offered no objection when the supporting documents concerning the offenses were 
admitted into evidence. Appellant further testified that he was pleading guilty 
because he was in fact guilty. We hold that Appellant’s judicial confession 
and guilty plea provided sufficient evidence to support his conviction. See 
Ramirez v. State, 139 S.W.3d 731, 732 (Tex. App.—Fort Worth 2004, pet. 
ref’d). Therefore, we overrule Appellant’s fourth issue.
Collateral 
Attack of Prior Convictions
        The 
indictment in this case alleged two prior DWI convictions, occurring in 1983 and 
1991, which enhanced the offense at issue from a misdemeanor to a felony. In his 
second and third issues, Appellant argues that the 1991 conviction is void 
because he did not waive his right to a jury trial or his right to counsel in 
that case.
        An 
alleged prior conviction used for enhancement may be collaterally attacked if it 
is void or if it is tainted by a constitutional defect. Galloway v. State, 
578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979). When an appellant 
attacks a prior conviction, he has the burden of proving that the prior 
conviction is void. Johnson v. State, 725 S.W.2d 245, 247 (Tex. Crim. 
App. 1987); Tate v. State, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 
2003, no pet.). An appellant attempting to collaterally attack a prior 
conviction on the grounds that it does not show a waiver of jury trial has the 
burden of showing that the entire record is silent on jury waiver. West v. 
State, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986), cert. denied, 481 
U.S. 1072 (1987); Bruce v. State, 744 S.W.2d 618, 619 (Tex. 
App.—Houston [1st Dist.] 1987, pet. ref’d).
        Furthermore, 
to bar the admission of a prior conviction on the basis that the defendant was 
without assistance of counsel, the burden is on the defendant to prove that he 
was without counsel and did not voluntarily waive the right to counsel. Disheroon 
v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). The State argues that 
this issue has not been preserved for appellate review because Appellant did not 
meet his burden and failed to object to the admission of the two prior DWI 
convictions. We agree with the State. In fact, when the court asked Appellant, 
“How do you plead then to the second-degree felony offense of driving while 
intoxicated as alleged by Indictment in Cause Number F-2003-0926-A?” Appellant 
answered, “Guilty.” Moreover, when the State offered Appellant’s judicial 
confession and paperwork associated with the prior DWI convictions, trial 
counsel specifically stated that he had no objection. Therefore, we hold that 
these issues have not been preserved for appellate review. See Tex. R. App. P. 33.1.
Conclusion
        Having 
overruled Appellant’s four issues, we affirm the trial court’s judgment.
   
   
                                                                  PER 
CURIAM
 
 
  
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.