MEHR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-174-CR

ERIC MEHR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Background Facts

Appellant Eric Mehr was charged by indictment with driving while intoxicated (DWI).  
See
 
Tex. Penal Code Ann
. § 49.04 (Vernon 2003). Appellant had two prior intoxication convictions that elevated the offense to a felony.  
Id
. § 49.09(b)(2) (Vernon Supp. 2004-05).  In 1983, Appellant was convicted of misdemeanor DWI in Dallas County, cause number MA8362753.  In 1991, Appellant was again convicted of misdemeanor DWI in Hood County, cause number 20,665. Appellant also had a prior felony conviction for possession of a controlled substance that was used to enhance the punishment range for the felony DWI offense.  On January 15, 2004, Appellant pled guilty to the felony DWI and pled true to the enhancement paragraph.  The trial court conducted a punishment hearing, after which it sentenced Appellant to fifteen years’ imprisonment and a $5,000 fine.  The trial court certified Appellant’s right to appeal.  Thereafter, Appellant filed a motion for new trial and motion for arrest of judgment.  These motions were overruled by operation of law, and Appellant timely filed this appeal.

In four issues, Appellant challenges his conviction of felony DWI.  In his first issue, he contends that the district court did not have jurisdiction to hear his case because the indictment did not properly allege the elements of felony DWI.  In his fourth issue, he argues that both prior DWI convictions are outside the ten-year limit and cannot be used to elevate his present DWI to a felony offense.  In issues two and three, he asserts that the 1991 conviction is void and cannot be used to enhance the present misdemeanor to a felony.  We will affirm.

Indictment

In Appellant’s first and fourth issues, he contends that the district court did not have jurisdiction to hear the case because the indictment did not properly allege the elements of felony DWI.  Specifically, he argues that the two prior DWI convictions are stale because they are more than ten years old and therefore the indictment lacks essential elements.

Presentment of an indictment confers jurisdiction on a trial court, even if the indictment is flawed.  
Carrillo v. State
, 2 S.W.3d 275, 277 (Tex. Crim. App. 1999); 
Studer v. State
, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990).  Here the indictment was properly presented and the trial court had jurisdiction over the case.  Appellant’s first issue is overruled.

The State asserts that Appellant’s fourth issue is essentially a sufficiency challenge which must fail.  When a defendant voluntarily pleads guilty to the court, we do not use the legal sufficiency standard to measure the sufficiency of the evidence.  
Wright v. State
, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.).  Instead, we look to see if the State introduced sufficient evidence to support the plea and demonstrate appellant’s guilt.  
See 
Tex. Code Crim. Proc. Ann
. art. 1.15; 
Dinnery v. State, 
592 S.W.2d 343, 353 (Tex. Crim. App. 1979).  A judicial confession alone can sufficiently support a conviction on a guilty plea.  
Dinnery, 
592 S.W.2d at 353; 
Ybarra v. State
, 960 S.W.2d 742, 744 (Tex. App.—Dallas 1997, no pet.).

Here, if Appellant’s two prior DWI convictions were stale and the State attempted to use them to elevate his present DWI to a felony, Appellant could have easily moved to quash the indictment.  
Bower v. State
, 77 S.W.3d 514, 518 (Tex. App.
—
Houston [1st Dist.] 2002, pet. ref’d).  At trial Appellant’s remedy would have been to timely object, based on section 49.09(e), to the admission of the convictions and/or request an instruction on the lesser included offense of misdemeanor DWI.  
See
 
Tex
. 
Penal Code Ann
. § 49.09(e); 
Bower
, 77 S.W.3d at 518.

Instead, Appellant signed a judicial confession in which he admitted that he was “GUILTY of the offense of Felony DWI exactly as alleged in the charging instrument.”  Appellant objected neither to the indictment nor the use of the two prior DWI convictions.  He pled guilty to the felony DWI as charged and offered no objection when the supporting documents concerning the offenses were admitted into evidence.  Appellant further testified that he was pleading guilty because he was in fact guilty.  We hold that Appellant’s judicial confession and guilty plea provided sufficient evidence to support his conviction. 
 See Ramirez v. State
, 139 S.W.3d 731, 732 (Tex. App.—Fort Worth 2004, pet. ref’d).  Therefore, we overrule Appellant’s fourth issue.

Collateral Attack of Prior Convictions

The indictment in this case alleged two prior DWI convictions, occurring in 1983 and 1991, which enhanced the offense at issue from a misdemeanor to a felony.  In his second and third issues, Appellant argues that the 1991 conviction is void because he did not waive his right to a jury trial or his right to counsel in that case.

An alleged prior conviction used for enhancement may be collaterally attacked if it is void or if it is tainted by a constitutional defect.  
Galloway v. State
, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979).  When an appellant attacks a prior conviction, he has the burden of proving that the prior conviction is void.  
Johnson v. State
, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987); 
Tate v. State
, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 2003, no pet.).  An appellant attempting to collaterally attack a prior conviction on the grounds that it does not show a waiver of jury trial has the burden of showing that the entire record is silent on jury waiver.  
West v. State
, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986), 
cert. denied
, 481 U.S. 1072 (1987); 
Bruce v. State
, 744 S.W.2d 618, 619 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d).   Furthermore, to bar the admission of a prior conviction on the basis that the defendant was without assistance of counsel, the burden is on the defendant to prove that he was without counsel and did not voluntarily waive the right to counsel.  
Disheroon v. State
, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985).  The State argues that this issue has not been preserved for appellate review because Appellant did not meet his burden and failed to object to the admission of the two prior DWI convictions.  We agree with the State. In fact, when the court asked Appellant, “How do you plead then to the second-degree felony offense of driving while intoxicated as alleged by Indictment in Cause Number F-2003-0926-A?”  Appellant answered, “Guilty.” Moreover, when the State offered Appellant’s judicial confession and paperwork associated with the prior DWI convictions, trial counsel specifically stated that he had no objection.  Therefore, we hold that these issues have not been preserved for appellate review.  
See
 
Tex. R. App. P
. 33.1.

Conclusion

Having overruled Appellant’s four issues, we affirm the trial court’s judgment. 

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b) 

DELIVERED:  May 12, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.