NOS.
12-07-00081-CR

         
12-07-00082-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

VICTORIANO HERNANDEZ RODRIGUEZ,      §                      APPEAL
FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                            
                                                                                               

MEMORANDUM OPINION

            Victoriano
Hernandez Rodriguez appeals his convictions for felony driving while
intoxicated.  On appeal, Appellant argues
that the evidence is legally insufficient to sustain his guilty pleas.  We affirm.

 

Background

            Appellant
was charged by indictment with felony driving while intoxicated (DWI) that
occurred on November 20, 2005.[1] 
In order to obtain felony jurisdiction, the indictment alleged that
Appellant had been previously convicted twice for the offense of DWI.[2]  Additionally, the indictment alleged that
Appellant had been convicted in Angelina County of the offense of felony DWI,
thus enhancing his offense to a second degree felony.[3]  Appellant was also charged by indictment with
felony DWI that occurred on July 7, 2005. 
The second indictment included the same jurisdictional and enhancement
paragraphs as the first indictment. 

            On
January 4, 2007, Appellant entered an open plea of guilty to the offenses
charged in the two indictments.  In both
cases, Appellant signed written plea admonishments, waivers, and stipulations,
consenting to oral and written stipulations of evidence and written guilty
pleas in which he swore and confessed his guilt “to having committed each and
every element of the offense alleged in the indictment or information.”  He also pleaded “true” to the enhancement
paragraph in both cases.  The trial judge,
the attorney for the State, and Appellant’s attorney approved the plea
agreements, waivers, and stipulations made by Appellant.  During his plea hearing, Appellant also
pleaded “true” to both jurisdictional paragraphs.  The trial court adjudged Appellant guilty of
both offenses and, after a sentencing hearing, assessed his punishment at ten
years of imprisonment for each offense to be served concurrently.  This appeal followed.  

 

Evidentiary
Sufficiency

            In
two issues, Appellant argues that the evidence is legally insufficient to
support his guilty pleas in accordance with article 1.15 of the Texas Code of
Criminal Procedure.  More specifically,
he contends that there is insufficient evidence to show that the offense
alleged in one of the jurisdictional paragraphs, a 1988 Uvalde County offense,
was a final conviction, which is a necessary element of felony DWI.  The State argues that Appellant’s judicial
confessions and guilty pleas provide sufficient evidence to support his
convictions.

Standard of Review








            According
to article 1.15 of the Texas Code of Criminal Procedure, no person can be convicted
of a felony except upon the verdict of a jury duly rendered and recorded,
unless he, upon entering a plea, has in open court in person waived his right
of trial by jury in writing.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  Article 1.15 also
requires the State to introduce evidence into the record showing the guilt of
the defendant and “in no event shall a person charged be convicted upon his
plea without sufficient evidence to support the same.”  Id.  This evidence may be stipulated if the
defendant consents in writing, in open court, to waive the appearance,
confrontation, and cross examination of witnesses, and further consents either
to an oral stipulation of the evidence and testimony or to the introduction of
testimony by affidavits, written statements of witnesses, and any other
documentary evidence in support of the judgment of the court. Id.  If the defendant elects to stipulate to
evidence against him, his stipulation is a kind of judicial admission, a “formal
confession[ ] in the pleadings in the case or stipulations by a party or
counsel that have the effect of withdrawing a fact from issue and dispensing
wholly with the need for proof of the fact.”  Bryant v. State, 187 S.W.3d 397, 400
(Tex. Crim. App. 2005) (quoting John W. Strong, et al., McCormick on Evidence § 255 (5th ed. 1999)).

            Although
a plea of guilty is an admission of guilt of the offense charged, it does not
authorize a conviction in a bench trial upon such plea unless there is evidence
offered to support the plea and the judgment to be entered.  Dinnery v. State, 592 S.W.2d
343, 351 (Tex. Crim. App. 1979).  A
judicial confession, standing alone, is sufficient to sustain a conviction upon
a guilty plea and to satisfy the requirements of article 1.15.  Id. at 353.  Reviewing the sufficiency of the evidence to
support a judgment under article 1.15 upon a plea of guilty requires that an
appellate court apply a different standard of review than when it reviews legal
sufficiency under the standard required by Jackson v. Virginia,
443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  Keller v. State, 125 S.W.3d 600,
604-05 (Tex. App.–Houston [1st Dist.] 2003, pet. dism’d, improvidently
granted). Instead, the supporting evidence must simply embrace every essential
element of the offense charged.  McGill
v. State, 200 S.W.3d 325, 330 (Tex. App.–Dallas 2006, no pet.).

Applicable Law

            A
person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a).  An offense under section 49.04 is a felony of
the third degree if it is shown on the trial of the offense that the person has
previously been convicted two times of any other offense relating to the operating
of a motor vehicle while intoxicated.  Tex. Penal Code Ann. §
49.09(b)(2).  A conviction for an offense
under section 49.04 that occurs on or after September 1, 1984 is a final
conviction, whether the sentence for the conviction is imposed or probated.  See Tex.
Penal Code Ann. § 49.09(c)(1)(C), (d) (Vernon 2003 & Supp. 2007);
Act of May 27, 1983, 68th Leg., R.S., ch. 303 § 3, 1983 Tex. Gen. Laws 1568,
1574-76.  The prior intoxication related
offenses serve the purpose of establishing whether the instant offense
qualifies as a felony DWI.  Gibson
v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). These prior
offenses are elements of the offense of DWI, define the offense as a felony,
must be proven, and are admitted into evidence as part of the State’s proof
during the guilt-innocence stage of a trial. 
Id.; see also Hollen v. State, 117 S.W.3d
798, 801 (Tex. Crim. App. 2003). 

Analysis

            Appellant
contends that the State did not prove that the 1988 Uvalde County conviction
was final because there is no evidence showing when it occurred, specifically,
that it occurred on or after January 1, 1984. 
In the plea papers for both cases, Appellant pleaded guilty and “confessed”
his guilt to “having committed each and every element of the offense alleged in
the indictment.”  He also pleaded “true”
to the enhancement paragraph.  Further,
he consented to oral and written stipulations of evidence.  At the plea hearing, Appellant pleaded guilty
to both offenses and pleaded “true” to a 1988 conviction for DWI in Uvalde
County, along with a 1992 conviction for DWI in Uvalde County and a 2001 felony
DWI conviction in Angelina County.  The
1988 Uvalde County order granting probation that was admitted into evidence did
not contain the date the offense was committed. 
However, because the allegations of two prior DWI convictions are
elements of the offenses, Appellant’s judicial confessions provided sufficient
evidence to support his convictions.  See
Ramirez v. State, 139 S.W.3d 731, 732-33 (Tex. App.–Fort Worth 2004,
pet. ref’d).

            Further,
Appellant argues that in his oral pleas, the trial court did not distinguish
his pleas of “true” to the prior convictions between the two convictions being
used for jurisdictional purposes and the felony conviction being used to
enhance his punishment.  As such, he
appears to argue that we should treat his prior Uvalde County convictions as
enhancements, not as elements of the offenses, and thus subject to a challenge
to the sufficiency of the evidence. 
Although we regard the 1988 Uvalde County conviction as an element of
the charged offenses, we note that, as a general rule, when a defendant pleads
true to an enhancement paragraph, the State is relieved of the burden of
proving the enhancements, and the defendant cannot complain on appeal that the
evidence is insufficient to support the enhancements.  Mikel v. State, 167 S.W.3d 556,
559 (Tex. App.–Houston [14th Dist.] 2005, no pet.).  A narrow exception to this rule occurs if the
record affirmatively reflects that a prior conviction was not final.  Id.  If so, that conviction cannot be used to
enhance punishment.  Id.  In these cases, it is not apparent from the
record that the 1988 Uvalde County conviction was not final or, more
specifically, that it occurred before January 1, 1984.  Further, the 1988 Uvalde County conviction
was not used to enhance Appellant’s punishments, but to enhance the offenses.  See Gibson, 995 S.W.2d at 696.  Because Appellant’s judicial confessions
provided sufficient evidence to support his guilt and the 1988 Uvalde County
conviction was an element of the offenses, not an enhancement of punishment, we
overrule Appellant’s first and second issues.

 

Disposition

            The
judgments of the trial court are affirmed.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered October 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003).





[2] An offense under section 49.04 is a felony of
the third degree if it is shown on the trial of the offense that the person has
previously been convicted two times of any other offense relating to the
operating of a motor vehicle while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon 2003).





[3]
If it is shown on the trial of a third degree felony that the defendant has
been once before convicted of a felony, on conviction he shall be punished for
second degree felony. Tex. Penal Code
Ann. § 12.42(a)(3) (Vernon 2003).