**Affirmed as Modified and Opinion Filed June 1, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-01126-CR

**MICHAEL SCHAEFER SIKES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-20-0153**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Smith
Opinion by Justice Osborne

Michael Schaefer Sikes appeals the trial court's final judgment convicting him of driving while intoxicated (D.W.I.). *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2). Sikes pleaded guilty and the trial court assessed his punishment at six years of imprisonment. Sikes raises one issue on appeal arguing the evidence is insufficient to support his conviction. We conclude the evidence is sufficient to support his conviction and the trial judge signed a judgment with mistakes in it. The trial court's judgment is affirmed as modified.

# I. PROCEDURAL BACKGROUND

Sikes was indicted for D.W.I., which was elevated to a 3rd-degree felony by two prior convictions for an offense relating to the operating of a motor vehicle while intoxicated (felony D.W.I.). He signed a judicial confession admitting to "each and every allegation" contained in the indictment as well as his guilt. Sikes pleaded guilty in open court and the trial court admitted Sikes's judicial confession. The trial court found Sikes guilty of felony D.W.I. and, after a hearing on punishment, assessed his punishment at six years of imprisonment.

# II. SUFFICIENCY OF THE EVIDENCE

In issue one, Sikes argues the evidence is insufficient to support his conviction because his judicial confession does not address the enhancement allegations or otherwise admit that he was twice convicted of D.W.I. He contends that his judicial confession and the indictment allege he had two prior convictions "relating to the operating of a motor vehicle while intoxicated" which is not the same as a D.W.I. conviction. He also maintains the record is devoid of any independent evidence substantiating his guilt. The State responds that Sikes's voluntary plea of guilty in open court and signed judicial confession in the written plea admonishments provided sufficient evidence to support his conviction.

## A. *Standard of Review*

When a defendant waives his right to a jury trial and pleads guilty to a felony, the State must introduce evidence showing that the defendant is guilty. *See* TEX.

CODE CRIM. PROC. ANN. art. 1.15; *Jones v. State*, 600 S.W.3d 94, 100 (Tex. App.—Dallas 2020, pet. ref'd), *cert. denied*, No. 20-5819, 2020 WL 6829104 (U.S. Nov. 23, 2020). A judicial confession is sufficient to support a guilty plea if it covers every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). A defendant can raise an article 1.15 sufficiency complaint for the first time on appeal, without preserving error in the trial court. *Euan v. State*, No. 05-16-00252-CR, 2017 WL 1536514, at *8 (Tex. App.—Dallas Apr. 27, 2017, pet. ref'd) (mem. op., not designated for publication).

### B. Applicable Law

Texas Penal Code §§ 49.04 and 49.09(b) together define the offense of felony D.W.I. PENAL §§ 49.04(a), 49.09(b)(2); *Weaver v. State*, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002); *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The offense of D.W.I. is a Class B misdemeanor. PENAL § 49.04. The offense becomes a 3rd-degree felony if the defendant has previously been convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated" as well as other intoxication offenses. *Id.* § 49.09(b)(2). A defendant's written judicial confession to all elements of a felony D.W.I. indictment and oral plea of guilty in open court are sufficient to prove the allegations in the indictment. *Ramirez v. State*, 139 S.W.3d 731, 732–33 (Tex. App.—Fort Worth 2004, pet. ref'd).

### B. Application of the Law to the Facts

Sikes was charged by indictment with felony D.W.I.—he was charged with driving while intoxicated and it was further alleged that he was twice previously convicted of "an offense relating to the operating of a motor vehicle while intoxicated." The judgment recites that Sikes was convicted of the 3rd-degree felony offense of D.W.I., but it also recites that no enhancements were found.

Sikes testified by means of his written judicial confession, which was contained in a document titled "Written Plea Admonishments," that he committed "each and every allegation" contained in the indictment and that he is "guilty of the offense alleged."[1] And he orally pleaded guilty in open court to felony D.W.I. Sikes did not enter a plea with respect to any enhancements in his judicial confession or in open court. Although the legislature titled the section relating to the predicate prior convictions as being "Enhanced Offenses and Penalties," they are elements of the offense. *Gibson*, 995 S.W.2d at 696; *see also* PENAL § 49.09. Because the allegations of two prior convictions are allegations relating to the elements of the

---

[1] Although the "Written Plea Admonishments" containing Sikes's judicial confession was admitted into evidence, it was not included in the reporter's record among the other exhibits. When the State offered the exhibit into evidence, it identified the exhibit as "[Sikes's] signed judicial confession contained in the document entitled written plea admonishments." A document matching that description appears in the clerk's record and, on appeal, the State contends they are the same document. Further, Sikes did not object to the admission of that document and does not contend on appeal that the document in the clerk's record is different from the one admitted into evidence. Accordingly, we will consider the judicial confession contained in the clerk's record as the one admitted into evidence by the trial court. *See Pitts v. State*, 916 S.W.2d 507, 509–510 (Tex. Crim. App. 1996) (judicial confession found in transcript but missing from statement of facts as an exhibit considered as evidence to support guilty plea); *see also Chew v. State*, No. 05-16-00853-CR, 2017 WL 2871443, at *1 (Tex. App.—Dallas June 20, 2017, no pet.) (mem. op., not designated for publication).

–4–

offense, not punishment enhancement provisions, we conclude that Sikes's judicial confession and plea of guilty in open court provide sufficient evidence to support his conviction. *See Ramirez*, 139 S.W.3d at 732–33.

Issue one is decided against Sikes.

### III.  MODIFICATION OF THE JUDGMENT

Although neither party raises the issue, we note that the final judgment incorrectly: (1) provides an incomplete statute for the offense; (2) states the terms of his plea bargain were that Sikes's punishment would be assessed at six years of imprisonment, he would pay court costs in the amount of $470, and he would pay restitution for the lab fee in the amount of $60; (3) indicates his sentence shall run concurrently with another sentence; and (4) left the amount of restitution ordered blank.

An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).  We conclude the trial court's final judgment should be modified as follows:

(1)    "Statute for Offense: 49.09(B)" is modified to read "Statute for Offense: Penal Code §§ 49.04, 49.09(b)(2)";

(2)    "Terms of Plea Bargain: Six (6) Years TDCJ; $470.– Court Cost; $60.00 Lab Fee Restitution" is modified to read "Terms of Plea Bargain: None";

(3) "This Sentence Shall Run: Concurrently" is modified to read "This Sentence Shall Run: N/A"; and

(4) "Restitution: $[blank]" is modified to read "Restitution: $60.00".

## IV. CONCLUSION

The evidence is sufficient to support the trial court's judgment and the trial judge signed a judgment with mistakes in it.

The trial court's judgment is affirmed as modified.

The trial court is directed to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case. *See Shumate v State*, No. 05-20-00197-CR, 2021 WL 4260768 (Tex. App.—Dallas Sept. 20, 2021, no pet.).

/Leslie Osborne//
LESLIE OSBORNE
200112f.u05                          JUSTICE

Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL SCHAEFER SIKES,
Appellant

No. 05-20-01126-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 2-20-0153.
Opinion delivered by Justice
Osborne. Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)    "Statute for Offense: 49.09(B)" is modified to read "Statute for Offense: Penal Code §§ 49.04, 49.09(b)(2)";

(2)    "Terms of Plea Bargain: Six (6) Years TDCJ; $470.– Court Cost; $60.00 Lab Fee Restitution" is modified to read "Terms of Plea Bargain: None";

(3)    "This Sentence Shall Run: Concurrently" is modified to read "This Sentence Shall Run: N/A"; and

(4)    "Restitution: $[blank]" is modified to read "Restitution: $60.00".

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment that reflects this modification.

Judgment entered this 1st day of June, 2022.