

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00185-CR

———————————————————

JOHN MICHAEL STEPHENS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR18-0562

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant John Michael Stephens, convicted of felony driving while intoxicated (DWI) in Parker County pursuant to a plea bargain, appeals the trial court's pretrial denial of his motion to quash the indictment. In his sole issue, Appellant contends that one of the two prior misdemeanor DWI convictions alleged in the indictment as offense enhancements—a 1997 Missouri conviction—was not, in fact, a final conviction and that the trial court therefore erred by denying his motion. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2). We hold that the 1997 Missouri DWI is a conviction under Texas Penal Code Section 49.09(b)(2) for offense-enhancement purposes and that the trial court properly denied Appellant's motion to quash. We therefore affirm the trial court's judgment.

## I. Background

The Parker County DWI facts are not before us. This appeal concerns only the propriety of treating the Missouri DWI as an offense-enhancing conviction to enhance the Parker County misdemeanor DWI to a felony DWI. *See id.* § 49.09(b)(2).

A Parker County grand jury indicted Appellant for felony DWI based on the allegations that he committed a DWI offense in Parker County on or about March 10, 2018 and that he had two prior out-of-state DWI convictions: the 1997 Missouri conviction and a 2010 Iowa conviction. *See id.* Appellant filed a pretrial motion to quash the indictment, contending that he was placed on the equivalent of deferred adjudication community supervision in Missouri; that he successfully completed his

community supervision; that he was therefore not convicted of the Missouri DWI; and that consequently, his Parker County DWI could not be enhanced to a felony DWI.

The State proved the Missouri DWI through three exhibits: an information, a docket sheet, and a probation order. The information shows that Appellant was charged with committing a Class B misdemeanor DWI in 1997 in Missouri. The docket sheet states, "Defendant enters plea of guilty and court accepts Defendant's plea. Imposition of Sentence Suspended and defendant placed on probation for a period of two years and assessed $128.00 costs." The probation order shows that the Missouri court sentenced Appellant to "SIS" (Suspended Imposition of Sentence) and placed him on probation for two years.

Appellant argued in his motion to quash the Parker County felony indictment and in the hearing on that motion that his Missouri DWI was not a final conviction. Appellant relied on Texas law governing sentence enhancements and deferred adjudication community supervision and on Missouri law for treatment of SISs. Appellant stated that the Missouri DWI had been disposed of by an SIS and that there was no record of a conviction. Appellant therefore likened his Missouri SIS to an unrevoked probation in Texas, which cannot be used to enhance sentences, *Ex parte Pue*, 552 S.W.3d 226, 230 (Tex. Crim. App. 2018). Appellant alternatively equated the Missouri SIS to deferred adjudication community supervision in Texas; at the time of his 2018 Parker County DWI, a DWI disposed of by deferred adjudication community

3

supervision could not serve as a DWI offense enhancement.[1] Appellant explained that with SISs, a Missouri defendant who successfully completes probation is never sentenced. Appellant argued that "normally an SIS should not be considered a 'conviction'" because when a defendant serves out his probation successfully, his Missouri "conviction will not show on the permanent record."

In response to Appellant's arguments at the hearing on the motion to quash, the State contended that the Missouri SIS was different from Texas's deferred adjudication community supervision because the SIS involved a guilty finding. The State based its contention on information in the Missouri docket sheet—"Defendant enters plea of guilty and court accepts Defendant's plea"—and on the text of the Missouri statute providing an SIS as a disposition option after a defendant is found guilty. Mo. Ann.

---

[1]Penal Code Section 49.09(g) now provides,

> A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D. *For purposes of this section, a person is considered to have been convicted of an offense under Section 49.04 or 49.06 if the person was placed on deferred adjudication community supervision for the offense under Article 42A.102, Code of Criminal Procedure.*

Tex. Pen. Code Ann. § 49.09(g) (emphasis added). However, the Texas Legislature did not add the "deferred adjudication" provision until 2019, and it applies only to offenses committed on or after its effective date of September 1, 2019. Act of May 25, 2019, 86th Leg., R.S. ch. 1298, H.B. 3582, §§ 7, 8(c), 9.

Stat. § 557.011.2(3).[2] In contrast, when a Texas trial court places a defendant on deferred adjudication community supervision, the trial court defers any finding of guilt. Tex. Code Crim. Proc. Ann. art. 42A.101(a).

The State also argued that sentence-enhancement law is inapplicable to the discussion of offense enhancements, relying on *McGuire v. State*, 493 S.W.3d 177 (Tex. App.—Houston [1st Dist.] 2016, pets. ref'd), and *State v. Dintelman*, No. 13-15-00564-CR, 2017 WL 127870 (Tex. App.—Corpus Christi–Edinburg Jan. 12, 2017, no pet.) (mem. op., not designated for publication). *McGuire* is a "fatality DWI case" in which the defendant's prior out-of-state DWI served to enhance the underlying DWI to a felony even though the judgment in the out-of-state DWI was deferred. 493 S.W.3d at 184, 191–92. *Dintelman* is a felony DWI case addressing the identical issue as that before the Parker County trial court and us. 2017 WL 127870, at *1.

After hearing both parties' arguments, the Parker County trial court denied Appellant's motion to quash without specifying the basis. Then, pursuant to a plea bargain, Appellant pled guilty to felony DWI, and the trial court convicted him and sentenced him to serve ten years in prison, probated for five years, and to pay a $2,500 fine. Appellant retained his right to appeal the denial of his motion to quash, and that is the sole focus of his appeal. *See* Tex. R. App. P. 25.2(a)(2)(A).

---

[2]All citations to Missouri statutes are to the versions in effect at the time of Appellant's Missouri DWI.

## II. Discussion

In his only issue, Appellant contends that the trial court erred by denying his motion to quash because the Missouri DWI was not a final conviction for purposes of Penal Code Section 49.09(b)(2).

### A. Standard of Review

The sufficiency of an indictment is a legal issue. *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). When our review of a trial court's denial of a motion to quash turns only on the indictment's sufficiency, we review the trial court's decision de novo. *Hughitt*, 583 S.W.3d at 626; *Moff*, 154 S.W.3d at 601.

### B. Substantive Law

#### 1. Statutes

#### a. Texas Statutes

Operating a motor vehicle in a public place while intoxicated is a Class B misdemeanor when it is a defendant's first DWI, absent exceptions not relevant here. Tex. Penal Code Ann. § 49.04(a)–(b). However, a misdemeanor DWI is enhanced to a third-degree felony DWI if the State proves in the trial of that DWI that the defendant "has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated." *Id.* § 49.09(b)(2). DWIs committed previously in other states are included in the definition of "offense[s] relating to the operating of a motor vehicle while intoxicated." *Id.* § 49.09(c)(1)(F). Thus, under Texas

6

law, a DWI is enhanced from a misdemeanor to a third-degree felony if the evidence shows that the defendant "has previously been convicted . . . two times" of DWI, whether those DWIs occurred in Texas or other states. *Id.* § 49.09(b)(2).

### b. Missouri Statutes

When Appellant committed his Missouri DWI, Missouri's DWI statute provided that a person committed DWI when "he operate[d] a motor vehicle while in an intoxicated or drugged condition." Mo. Ann. Stat. § 577.010.1. After finding a person guilty of an offense, a Missouri court could suspend the imposition of the sentence. *Id.* § 557.011.2(3). However, "[n]o person convicted of or pleading guilty to" a DWI could be granted an SIS without a probation term of at least two years. *Id.* § 577.010.2.

### 2. *State v. Dintelman*

Whether a Missouri DWI disposed of by an SIS qualifies as a conviction under Texas Penal Code Section 49.09(b)(2) is an issue new to this court. The Thirteenth Court of Appeals, however, addressed it in *Dintelman*, 2017 WL 127870, at *3–5. A grand jury indicted Dintelman for felony DWI in Nueces County. The indictment alleged that he had two previous DWI convictions (in May and November 2007) in Missouri. Dintelman filed a motion to quash the indictment. At the hearing on his motion, he alleged that the May 2007 DWI, which was disposed of with an SIS, did not qualify as a conviction. The trial court concluded that Missouri law would treat the SIS as a conviction, but Texas law would not, and it therefore quashed the indictment. *Id.* at *1. The State appealed.

7

The Thirteenth Court held that the case turned on the meaning of "convicted" in Penal Code Section 49.09(b)(2). *Id.* at *3. What did it mean to have "previously been *convicted*"? Tex. Penal Code Ann. § 49.09(b)(2) (emphasis added). Examining dictionary and case law definitions of "conviction," the *Dintelman* court explained that while "conviction" can encompass the assessment of punishment, the term always involves a finding or adjudication of guilt. *Id.* at *3 (citing *Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998), and *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. [Panel Op.] 1978)). Further, "the word 'convicted' is more likely to refer solely to guilt than the word 'conviction' is." *Ex parte White*, 506 S.W.3d 39, 42–43 (Tex. Crim. App. 2016); *Dintelman*, 2017 WL 127870, at *3 (quoting same). The *Dintelman* court therefore

> conclude[d] that the Legislature intended the term "convicted" [in Penal Code Section 49.09(b)(2)] to refer narrowly to a finding of guilt and did not intend to include the assessment of punishment. Taken as a whole, the statute is concerned with how many times a person has been found guilty of a relevant type of offense rather than the punishment that person subsequently received. . . . The plain text of these provisions demonstrates that the Legislature was concerned with whether there has been a finding of guilt of a particular type of offense, not whether punishment was assessed. Furthermore, when the Legislature does refer to punishment in section 49.09, it does so expressly. In section 49.09(d) the Legislature provided that certain convictions for DWI–related offenses which occur under Texas law are final "whether the sentence for the conviction is imposed or probated." *Id.* § 49.09(d). Based on the above, we conclude that the meaning of the term "convicted" as it is used in section 49.09(b)(2) refers to a finding of guilt.

2017 WL 127870, at *3.

The *Dintelman* court then held that the SIS qualified as a conviction under Section 49.09(b)(2) because it necessarily involved a guilty finding. *Id.* at *4, *5. As the court

8

pointed out, the relevant Missouri statute, Section 557.011.2, provides, "Whenever any person *has been found guilty* of a felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may . . . [s]uspend the imposition of sentence, with or without placing the person on probation . . . ." Mo. Ann. Stat. § 557.011.2(3) (emphasis added); *Dintelman*, 2017 WL 127870, at *4 (citing same). Thus, the court held that the plain language of the Missouri statute requires that a guilty finding be made before an SIS can occur and that the record—reflecting Dintelman's guilty plea and the resulting SIS—perforce implied that the trial court had found him guilty. 2017 WL 127870, at *4.

The *Dintelman* court dispelled any notion that either Missouri's treatment of SISs or Texas sentence-enhancement law impacts whether an SIS is a conviction under Texas Penal Code Section 49.09(b)(2). The court noted that whether an SIS is a final conviction in Missouri is not controlling and does not mean "that the adjudication of guilt involved in the SIS is not final" for purposes of enhancing a Texas misdemeanor DWI to a felony DWI. *Id.* The court also dismissed Dintelman's reliance on sentence-enhancement law:

> The Texas Court of Criminal Appeals has explained that section 49.09 allows prior offenses to enhance the charged offense, while section 12.42 enhances the punishment for the offense. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The two statutes are therefore "distinguishable" from each other, and the limitations in section 12.42 do not apply to enhancement of an offense under section 49.09. *See id.*; *see also McGuire* . . . , 493 S.W.3d [at] 192 . . . .

*Id.* As the *Dintelman* court emphasized,

The controlling issue here is therefore not whether an SIS is a final conviction under Missouri law but whether Dintelman was "convicted" as that term is used in section 49.09(b)(2). *See* Tex. Penal Code Ann. § 49.09(b)(2). And, as we explained above, the disposition of his case meets the definition of a conviction because it involved a finding of guilt. *See . . . White*, [506] S.W.3d at 42–43 . . . .

*Id.*

The Thirteenth Court of Appeals ultimately held that Dintelman's Missouri SIS qualified as a conviction under Section 49.09(b)(2). *Id.* at *5.

## C. Analysis

The dispute before us centers on this question: Can a defendant's prior successful Missouri SIS (along with a second prior DWI conviction that is undisputed) enhance a misdemeanor DWI to a felony DWI? Adopting the holdings and reasoning of the Thirteenth Court of Appeals in *Dintelman*, we hold that the answer is yes.

Both parties raise the same arguments they raised in the trial court. Appellant contends that the Missouri DWI, which was disposed of with an SIS, cannot serve as an offense enhancement because:

- An SIS is equivalent to a Texas deferred adjudication. Offenses disposed of with deferred adjudication community supervision could not serve to enhance misdemeanor DWIs to felony DWIs when Appellant committed his Parker County DWI.

- The Missouri DWI is not a "final conviction" under Section 49.09, nor is it a "final conviction" as that term is used in sentence-enhancement law.

- Offenses disposed of by an SIS in Missouri are not treated as convictions in Missouri or in some federal caselaw.

As it did in the trial court, the State relies on *Dintelman.* The State argues:

10

- The Missouri paperwork in conjunction with the relevant Missouri statute shows that Appellant was necessarily found guilty of DWI; thus the SIS is not like deferred adjudication community supervision.

- Sentence-enhancement law is distinguishable from offense-enhancement law, so whether the Missouri DWI could enhance a sentence in Texas is irrelevant.

- How Missouri treats an SIS is irrelevant.

*First*, applying *Dintelman*, we hold that "convicted" in Penal Code Section 49.09(b)(2) means "found guilty." Tex. Penal Code Ann. § 49.09(b)(2); *Dintelman*, 2017 WL 127870, at *3, *4, *5. The Missouri trial court necessarily found Appellant guilty before disposing of his 1997 DWI with an SIS, and the Missouri docket sheet and probation order implicitly support this conclusion. *See* Mo. Ann. Stat. § 557.011.2(3); *Dintelman*, 2017 WL 127870, at *4 (citing same).

*Second*, that guilty finding is what distinguishes Appellant's SIS from deferred adjudication community supervision. When a defendant is placed on deferred adjudication community supervision, the trial court defers finding or adjudicating guilt. Tex. Code Crim. Proc. Ann. art. 42A.101(a); *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). Thus, Texas law on deferred adjudication community supervision does not impact the use of Appellant's Missouri DWI as an offense enhancement.

*Third*, we agree with Appellant that his Missouri DWI is not a conviction under the express language of Section 49.09(d). Tex. Penal Code Ann. § 49.09(d). However, that subsection—expressly pertaining only to prior *Texas* convictions—is not at play in this analysis. *See id.*; *Dintelman*, 2017 WL 127870, at *3.

*Fourth*, Penal Code Section 49.09(b) is not a sentence-enhancement statute. Unlike sentence-enhancement statutes, Section 49.09(b) functions to enhance an offense from a misdemeanor to a felony; their disparate purposes distinguish the two statutory schemes. *Gibson*, 995 S.W.2d at 696, 697; *Dintelman*, 2017 WL 127870, at *4; *McGuire*, 493 S.W.3d at 192. "[T]he plain language of Section 49.09(b) also indicates it should not be viewed as a punishment-enhancement statute similar to Section 12.42(d)." *Gibson*, 995 S.W.2d at 696. Thus, the treatment of community supervision and finality of judgments in Texas sentence-enhancement law does not impact the use of Appellant's Missouri DWI under Section 49.09(b)(2) to enhance his Parker County misdemeanor DWI to a felony DWI.

*Finally*, how Missouri treats defendants who have a prior SIS (or how federal courts treat such defendants when applying Missouri law) has no bearing on the impact the guilty finding preceding that SIS has in enhancing a Texas misdemeanor DWI to a felony DWI under Section 49.09(b)(2). *See Dintelman*, 2017 WL 127870, at *4. How Missouri would treat Appellant's prior SIS therefore does not prevent the State's relying on the guilty finding preceding his SIS in seeking to enhance Appellant's Parker County misdemeanor DWI to a felony DWI. *See id.*

We hold that under Section 49.09(b)(2), the Parker County indictment sufficiently alleged two previous valid DWI convictions against Appellant. The trial court therefore did not err by denying his motion to quash. We overrule Appellant's sole issue.

### III. Conclusion

Because we hold that under Penal Code Section 49.09(b)(2), the 2007 Missouri DWI was a prior conviction properly alleged to enhance Appellant's Parker County misdemeanor DWI to a felony DWI, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 17, 2020